## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

**IN THE MATTER OF:**

**HERMANOS TORRES PEREZ, INC.**
**Debtor(s)**

**PEERLESS OIL & CHEMICALS, INC.**
**Movant**

**CASE NO.: 09-05585**

**CHAPTER 11**

## MOTION TO REQUEST APPOINTMENT OF CHAPTER 11 TRUSTEE

TO THE HONORABLE COURT:

COMES NOW creditor PEERLESS OIL & CHEMICALS, INC. represented by the undersigned attorney and respectfully sets forth and prays as follows:

### I. JURISDICTION

1. The Court has jurisdiction over the subject matter pursuant to the provisions of 28 U.S.C. § 157 (b)(2)(A).

### II. CAUSE OF ACTION

2. This contested matter is brought pursuant to Bankruptcy Rules 9014, 2007.1 and Section 1104 of the Bankruptcy Code.

### III. FACTS

3. This bankruptcy petition was filed on July 7, 2009.

4. Hermanos Torres Perez, Inc. (hereinafter "HTP") is a family owned corporation in which its shareholders are brothers and sisters, with a small percentage of shares

given to the parents. See Statement of Financial Affairs item # 21 (b), page 11. Docket # 14-2.

5. HTP's main kind of business is the distribution of petroleum products, principally gasoline and diesel. It purchased the products from Peerless Oil, or from any other wholesaler-distributor that offered a better price, and sold it to different gas stations including but not limited to stations owned by HTP, but rented to corporations owned by the same shareholders; and to other stations directly owned by Víctor G. Torres Pérez, one of the shareholders. In total, around 10 gasoline stations owned or privately administer by HTP's shareholders benefit from the petroleum products distributed by Debtor.

6. HTP's filing of the instant petition was allegedly intended to preclude the collection efforts by creditors since the corporation's credit collapsed because was unable to satisfy the accounts payable. Referenced as a liquidity crisis, Debtor accumulated a huge amount of accounts receivables from the sale of gas products to its affiliate companies (ones owned by its shareholders).

7. As per the accounts receivables aging provided by Debtor on its Schedule B, Exhibit 1 , the gas stations owned or administer by HTP's shareholders failed to pay HTP more than $2.5 million dollars. See Debtor's Schedule B, Exhibit 1.

8. Debtor's president, Maria de los Angeles Perez Torres testified under oath at he 341 meeting of creditors that they believe that about 40% of receivables were collectable. But a glimpse of the accounts receivables listed shows that more than 50 % of those receivables are owed by the affiliates and shareholders. Questioned about the correctness of those accounts receivables listed, debtor's president

expressed that the amounts were revised, that were correct and that will review her statement that estimates the collections of 40%.

9. An excerpt of Debtor's accounts receivables reflects that the biggest accounts are from:

| Customer ID | Contact | Amount Owed |
|---|---|---|
| Victory Post | Victor G Torres | $70,856.21 |
| Victory Gasoline & Food Mart VP | Victor M Torres | $425,680.00 |
| Edwin Gonzalez | | $132,005.55 |
| Victory Super- Victory Super- Mayaguez | Angeles Torres/ Cuco Torres (aka Victor G. Torres Perez) | $287,338.50 |
| Expreso Gas Station (Hatillo) | Luis Vélez Santiago (Angeles Torres's husband) | $83,121.95 |
| Victor M. Torres Perez | | $2,954.97 |
| Victory Star SJ | Victor M Torres Perez | $571,867.00 |
| Victory Midway | Victor Torres | $147,204.65 |
| Victory Maga, Inc. | Cuco Torres (aka Victor G. Torres Perez) | $84,850.00 |
| Jaimito Victory Pastillo | | 346,910.00 |
| Juan Torres- Garage Villalba | Juan T. Torres Rivera | $256,356.40 |
| Victory Cu- Annette Corp | Annette Fuster (Victor G Torres aka Cuco | 47,325.00 |

| | | |
|---|---|---|
| | Torres's wife) | |
| Victory LLuveras Service Station | Cuco Torres (aka Victor G Torres Perez) | 91,519.86 |
| Hatillo Oil | Cuco Torres (aka Victor G. Torres Perez) | $217,012.50 |
| Speedway Gasoline | Reynaldo Soto | $420,332.00 |
| TOTAL | | **$3,185,334.59** |

10. This small excerpt shows that at least three of the shareholders owes more than $300,000 (Maria de los Angeles; $500,000 (Victor G. Torres Perez) and more than $1,000,000 (Víctor M. Torres Perez) each.

11. Debtor's president, Maria de los Angeles Torres Pérez, testified that she was the one in charge of the operations of the company for the last four years and she was the person in charge of collection efforts of the corporation.

12. Maria de los Angeles Torres Perez also testified that the accounts receivables described as accumulated for more than 90 days on Schedule B, Exhibit 1 were accumulated on the company's books for about 5 to 6 years.

13. Questioned about what proceedings the administration of the corporation established to collect the huge amount of receivables from its shareholders, Mrs. Torres Perez answered that collection letters were sent to each of them in the same manner that to any other client. That was the only effort made to collect accounts receivables.

14. Debtor's monthly operating reports for July and August 2009 reflected no collections of pre petition accounts receivables. See amended Monthly Operating Report for July 2009, and August 2009. Dockets # 35 and 41.

15. Debtor's status conference report does not establish any intention to bring in collection efforts or collection complaints against affiliates, shareholders or debtors enumerated on their accounts receivables ledger, during the bankruptcy proceedings. Its note to the monthly operating reports as to examination of the receivables to refer for legal collection actions does not evidence a plan to do so.

16. The particularity of the corporation's composition (brothers and sisters, with affiliate companies that purchase inventory on credit to debtor, with debts accruing more than $2.5 million dollars), raise conflict of interests in the decision making on how to collect from themselves without hurting the affiliates companies (and shareholders' private business).

17. Large claims against affiliates and the continuation with current management will result in serious potential conflict of interests since the president of the Debtor will have to sue herself (meaning her corporation or business) in order to collect the money owed to debtor in possession.

18. In addition, last year the appearing party needed to file a complaint against Debtor, in order to collect invoices from the distribution of gas products that Debtor's management and shareholders knew were correct. After accepting the principal amount by a Stipulation Agreement, Debtor went on to the Puerto Rico Appellate Court to question the order by stipulation. Just one day after the Puerto Rico Appellate Court confirmed the First Instance Court order, the instant petition was

filed. In fact, a new complaint was filed on State Court, Case Number JDC2009-1091, to collect this same debt from Debtor's shareholders, as personal guarantors to Peerless Oil, since they refused to assume the payment in accordance to the personal guaranties given. See Exhibit 1.

19. Since Debtor in possession itself is his primary debtor, the particularity of the composition of the company leads to the conclusion that no real effort is going to be made to collect the huge accounts receivables from the affiliates and shareholders. Although this kind of act might not be considered gross mismanagement; the conflict of interests represented between the roles of administrators and shareholders reflects a breach of fiduciary duties, since no compromise with the wealth of the corporation really exist.

20. Also, this potential conflict reflects serious disregard of creditors' interests to collect from this bankruptcy proceedings and to the shareholders who don't owe any money to the company and may also lose their interests in it while the shareholders/ debtors to the corporation benefit from the protection of the bankruptcy proceedings.

## IV. APPLICABLE LAW AND ANALYSIS

21. A bankruptcy court is given the authority to appoint a trustee in a chapter 11 proceeding under particular circumstances described in the bankruptcy code.

22. In that matter 11 U.S.C. § 1104 established for appointment of trustee or examiner:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the

United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--

   (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

   **(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or**

   (3) if grounds exist to convert or dismiss the case under section 1112 [*11 USCS § 1112*], but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

23. The statute provides that the court shall order the appointment of a trustee- (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, . . . ; or (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, 11 U.S.C. § 1104(a). Thus, the two different bases for appointing a trustee are disjunctive; a court must find either fraud, incompetence or the like or that such appointment is in the interests of the creditors and estate. Garland Corporation, 6 Bankr. at 460. Indeed, some courts have read this section of the statute as mandating the appointment a trustee when there are findings of the circumstances described in subsection (a)(1). Savino Oil, 99 Bankr. at 525; In re The Bible Speaks, 74 Bankr. 511, 512 (Bankr. D. Mass. 1987).

24. In *Oklahoma Refining*, 838 F.2d at 1136, the Court established that the existence of questionable business transactions with related companies may also serve as

grounds for appointment of a trustee. ("There are many cases holding that a history of transactions with companies affiliated with the debtor company is sufficient cause for the appointment of a trustee where the best interests of the creditors require."). Although disclosed by the Debtor in its Schedules, the questions appear as to how and to what extent the terms of the credit between Debtor and its affiliates complies with the standards of the market. If in fact, were true and correct extensions of credit or if the affiliates and shareholders were using the company only to obtain products they were not able to pay to the suppliers as the market requires.

25. *A* Debtor –in- possession is a Fiduciary for the creditors and must abide by and fulfill its fiduciary duty or be replaced by a party who can act as a Fiduciary for the creditors and the estate. Under 11 USC §1107(A), a chapter 11 debtor in possession assumes essentially all of the rights and duties of trustee. This includes the trustee's primary fiduciary duty to act in the best interests of general creditors rather than insiders. See, *e.g. Commodity Futures Trading Comm'n v. Weintraub, 471 US 343,355 (1985*)("[o]ne of the painful facts of bankruptcy is that the interests of shareholders become subordinated to the interests of creditors"). *Wolf. V. Weinstein*, 372 US 633, 649(1963). In this case the appointment of a Chapter 11 Trustee will serve for the benefit of the creditors but also for the assurance of a successful reorganization of the corporation.

26. *In Tradex Corp. v. Morse, 339 B.R. 823, 835 (D. Mass. 2006)*, the bankruptcy court also referenced 1104(a)(2) when appointing the trustee. One of the major debtors, LaSalle, voiced support for appointment of a Chapter 11 Trustee. LaSalle was a plaintiff in a major lawsuit before the district court against Debtor's shareholder and

other principals of related organizations. Those proceedings and any resulting tensions between the parties were considered sufficiently factual by the court when evaluating the appropriateness of appointing a trustee. 7 Collier on Bankruptcy § 1104.02 [3] [d] [ii] (15th ed. rev.). The balance of interests there were sufficient to support the factual predicate under § 1104(a) (2).

27. Although the appointment of a chapter 11 trustee is considered to be an "extraordinary" act since, in the usual case, the debtor remains a debtor-in-possession throughout reorganization, the balance of interest in favor of creditors established on 11 USC §1104(a)(2) is sufficient to rebut the presumption that "current management is generally best suited to orchestrate the process of rehabilitation for the benefit of creditors and other interests of the estate." In this case, an important part of the reorganization process is to liquidate the accounts receivables in order to bring cash for the operations and obviously to fund the plan.

28. Courts have construed section 1104(a)(2) to provide for a "flexible standard" for the appointment of a trustee. See, e.g. In re Sharon Steel Corp., 871 F. 2d at 1226; see also In re Ionosphere Clubs, Inc. 113 B.R. 164 (Bankr. S.D.N.Y 1990) Section 1104(a)(2) emphasizes the court's discretion allowing it to the appoint a trustee when to do so would serve the parties' and the estates' interests."

29. In _Petit v. New England Mortgage Servs., 182 B.R. 64, 72 (D. Me. 1995)_ the Court expressed that it must determine on case-by-case basis whether circumstances of each bankruptcy requires appointment of trustee under *11 USCS § 1104(a)(2).*

30. Some cases explained that the appointive power of court under *11 USCS § 1104* is to be exercised only where protection afforded by trustee is needed and costs and

expenses of trustee would not be disproportionately higher than value of protection afforded. This standard does not require strict cost/benefit analysis, but requires court to be mindful of any additional costs or expenses to estate that could result from appointment of trustee; in case of nonpublic company, appointment of trustee is discretionary if interests of estate and its security holders would be served thereby, in which instance, cost/benefit analysis is not necessarily practical. *In re William A. Smith Constr. Co. (1987, BC ND Ohio) 77 BR 124.* In the case at hand, the importance of the appointment of a Chapter 11 Trustee lies on the benefit of bringing to the bankruptcy estate the receivables due by the affiliate corporations and monitored the true expenses of the corporation, actions that are not going to be taken by the current management itself.    And, not to collect the huge accounts receivables from the shareholders defeats the purpose of this reorganization process.

31. In *Tradex Corp. v Morse (2006, DC Mass) 339 BR 823*, the court also established that the Bankruptcy court, acting pursuant to *11 USCS § 1104(a)(1)* or (2) must find factual predicates for appointment of trustee--"cause" or best interests of relevant parties--by only preponderance of evidence; clear and convincing evidence is not required.

32. In *In re L. S. Good & Co. (1980, BC ND W Va) 8 BR 312, 7 BCD 103,* the circumstances although not quite similar to the ones at hand, the Bankruptcy Court ordered the appointment of trustee in interests of creditors since magnitude of intercompany transactions between debtor and parent corporation, and possibility debtor may have large claims against parent, create possibility that continuation of current

management will result in serious potential conflicts of interest.

33. Also, under *11 USCS § 1104(a)(2)*, Bankruptcy Court will exercise its equity powers to appoint trustee to protect interests of creditors, equity security holders, and other interests in debtor's estate where debtor in possession is incapable of doing so; trustee is appointed where principal of debtor corporation is incapable of dealing with debtor as fiduciary because principal is one of largest creditors of debtor and has filed motion to terminate stay to regain possession of property leased to debtor, in part because without such appointment principal would determine which creditors are to be paid. *In re Nautilus of New Mexico, Inc. (1988, BC DC NM) 83 BR 784.* In the contrary, in this case, Debtor is creditor to the shareholders that are managing the estate, the breach of the fiduciary duty will appear the instance collection is required from them. For instance, more than two months has passed since the filing of the petition and no collection from the shareholders or affiliate companies has being received. It is force to conclude that no serious collection effort is being made. *In re Oklahoma Refining Co. (1988, CA10 Okla) 838 F2d 1133, 18 CBC2d 27,* the Court concluded that the Bankruptcy Court's appointment of trustee was supported by facts and was not in any way contrary to law, where debtor was making no serious effort to collect debt from affiliated companies and was in awkward position of having to decide whether or not to sue itself.

34. For reasons above explained, the appearing party understands that the appointment of a Chapter 11 Trustee will serve better the interests of the creditors and the estate.

WHEREFORE, it is respectfully requested from this Honorable Court that, under the provisions of 11 USC §1104(a)(2), order the appointment of a Chapter 11 Trustee to

administer the operations of the business of the estate and file collection proceedings

against the affiliate companies, shareholders and debtors of substantial amounts to HTP as

enumerated on the schedules included in the petition.

> Notice: Within twenty (20) days after service as evidenced by the certification, and an additional (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file and objection or other appropriate response to this paper with the Clerk's office of the US Bankruptcy Court for the District of Puerto Rico. If no objection or other response if filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief s against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

In San Juan, Puerto Rico, this 6 day of October, 2009.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing document with the Clerk using CM/ECF system, which will send notification of such filing to Debtor(s) attorney, the US Trustee and to all CM/ECF participants. And, by mail to Debtor's attorney, Carmen D. Conde at her address: 254 San Jose Street, Suite 5, San Juan, Puerto Rico 00901-1523.

MELENDEZ-PEREZ & LEDESMA
Attorney for PEERLESS OIL & CHEMICALS, INC.
PO Box 19328
San Juan, Puerto Rico 00910-1328
Tel: 787-622-3939/Fax: 787- 622-3941
*/s/Solymar Castillo Morales*
**Solymar Castillo Morales, Esq.**
USDC PR 218310
E-Mail: scastillo@mplplaw.com

EXHIBIT 1

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

**Salón 602**

| | |
|---|---|
| PEERLESS OIL & CHEMICALS, INC. | CIVIL NUM.: JCD2009-1091 |
| Demandante | SOBRE: |
| v. | COBRO DE DINERO |
| VICTOR TORRES OLIVERAS, HILDA PEREZ SOUCHET y la SOCIEDAD DE BIENES GANACIALES COMPUESTA POR AMBOS; VICTOR G. TORRES PEREZ, ANNETTE FUSTER PADILLA y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; WANDA TORRES PEREZ, GERMÁN RIVERA COLON y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; MARIA A. TORRES PEREZ, LUIS A. VELEZ SANTIAGO y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; HILDA TORRES PEREZ | |
| Demandados | |

-------------------------------------------------------------

DEMANDA

AL HONORABLE TRIBUNAL:

COMPARECE la parte demandante PEERLESS OIL & CHEMICALS, INC., por conducto de su representación legal que suscribe y ante este Honorable Tribunal muy respetuosamente expone, alega y solicita:

I    LAS PARTES

1.    La parte demandante Peerless Oil & Chemicals, Inc. es una corporación organizada bajo las leyes del estado de Delaware, autorizada para hacer negocios en Puerto Rico y opera un terminal para el almacenamiento y venta de derivados de petróleo localizado en la Carr. #127 Km. 17.1 en Peñuelas, Puerto Rico, en donde también están ubicadas sus oficinas principales. Su número de teléfono es el (787) 836-1280. En adelante denominada "parte demandante" o "POC".

2.    Hermanos Torres Pérez, Inc. es una corporación doméstica, número de registro 60701, dedicada a la compraventa y distribución mediante acarreo de productos derivados del petróleo, así como toda clase de equipo y/o productos necesarios o relacionados directa o indirectamente con el servicio de productos relacionados con el petróleo, con oficinas localizadas en la Carr. 1, Barrio Capitanejo, Juana Díaz, Puerto Rico. Su dirección postal es P.O. Box 209, Mercedita, Puerto Rico

00715 y su número de teléfono es (787) 837-8787. Esta compañía resultó perdedora en un caso por cobro de dinero incoado en su contra por POC (caso núm. JCD2008-1113). La Sentencia Parcial en el mencionado caso, mediante la cual se declaró Ha Lugar la demanda de POC por la deuda principal de Hermanos Torres Pérez advino final, firme e inapelable.

3. Víctor Torres Oliveras e Hilda Pérez Souchet son accionistas, oficiales y/o directores de Hermanos Torres, están casados entre sí bajo el régimen de Sociedad Legal de Gananciales y ambos se obligaron ante Peerless como garantizadores solidarios de cualquier suma que la compañía Hermanos Torres adeude a ésta en su relación comercial. Su dirección es Urb. Estancias del Golf Club, #439 Jacobo Morales, Ponce, Puerto Rico.

4. Víctor G. Torres Pérez es accionista, oficial y/o director de la compañía Hermanos Torres, casado con Annette Fuster Padilla bajo el régimen de Sociedad Legal de Gananciales. Los esposos Torres Fuster se obligaron ambos ante Peerless como garantizadores solidarios de cualquier suma que Hermanos Torres adeude a ésta en su relación comercial. Además, los esposos Torres Fuster son dueños en su capacidad individual de seis estaciones de servicio que fueron suplidas por Hermanos Torres de los productos comprados a crédito a Peerless. De acuerdo a la información provista, adeudan a la corporación una suma significativa por ventas no pagadas. La dirección de los esposos Torres Fuster es Avenida Las Américas #1847, Ponce, Puerto Rico.

5. Wanda Torres Pérez es accionista, oficial y/o directora de la compañía Hermanos Torres, casada con Germán Rivera Colón bajo el régimen de Sociedad Legal de Gananciales. Los esposos Rivera Torres se obligaron ambos ante Peerless como garantizadores solidarios de cualquier suma que Hermanos Torres adeude a Peerless a causa de su relación comercial. La dirección de los esposos Rivera Torres es Urb. Estancias del Club de Golf, #412 Millito Navarro, Ponce, Puerto Rico.

6. María A. Torres Pérez es accionista, oficial y/o directora de la compañía Hermanos Torres, casada con Luis A. Vélez Santiago bajo el régimen de Sociedad Legal de Gananciales. Los esposos Vélez Torres se obligaron ambos ante Peerless como garantizadores solidarios de cualquier suma que Hermanos Torres adeude a Peerless en su relación comercial. La dirección de los esposos Vélez Torres es Urb.

Estancias del Club de Golf, #336 Juan H. Cintrón, Ponce, Puerto Rico.

7.  Hilda Torres Pérez es accionista, oficial y/o directora de la compañía Hermanos Torres, habiéndose obligado ante Peerles como garantizadora solidaria de cualquier suma que Hermanos Torres adeude a ésta en su relación comercial. Su dirección es Brisas de Monticello, Vereda del Norte #19, Cidra, Puerto Rico.

II  RELACION DE HECHOS

8.  El 29 de agosto de 2008 la parte demandante Peerless Oil & Chemicals, Inc. (en adelante "POC"), presentó una acción de cobro de dinero en contra de la corporación Hermanos Torres Pérez, Inc. (en adelante "HTP"), civil número JCD2008-1113.

9.  En esencia, POC sostuvo que HTP le adeudaba la cantidad de $3,122,261.00, más los intereses por mora según pactados, intereses legales y honorarios de abogado. Luego de varios trámites procesales, el 13 de mayo de 2009 el Honorable Tribunal de Primera Instancia, Sala de Ponce dictó Sentencia Parcial declarando ha lugar la demanda incoada por POC en contra de HTP únicamente en lo relacionado al principal de la deuda, esto es, $3,122,261.00. En virtud de dicha sentencia parcial el Honorable Tribunal ordenó a la parte demandada HTP a pagar solidariamente a la parte demandante POC la suma de $3,122,261.00.[1] El tribunal además, condenó a HTP a pagar solidariamente dicha cantidad junto a los intereses legales desde la radicación de la demanda hasta el saldo total de la misma, honorarios de abogado computados a razón del 10% de la totalidad de la deuda, más las costas y gastos del pleito. Advirtió por último en dicha sentencia que el principal de la deuda seguiría aumentando hasta tanto se saldara la totalidad de la misma.

10.  La sentencia antes referida fue apelda por Hermanos Torres Pérez, Inc. el pasado 12 de junio de 2009.

11.  Luego de considerados los alegatos de ambas partes, el Honorable Tribunal Apelativo confirmó en su totalidad la Sentencia Sumaria Parcial emitida por el Tribunal de Primera Instancia el 13 de mayo de 2009.

12.  Dicha sentencia fue notificada a todas las partes el 6 de julio de 2009.

---

[1] Se estipuló esta cuantía en el informe de conferencia con antelación a juicio y en la conferencia con antelación al juicio.

13. Tanto la sentencia del Foro de Instancia fechada el 13 de mayo de 2009 como la confirmación de dicha sentencia emitida por el Tribunal de Apelaciones el 6 de julio de 2009 advinieron final, firmes e inapelables para todos los efectos legales.

14. Los co-demandados son todos garantizadores de la deuda reclamada por POC en el caso JCD2008-1113. Se aneja y se hace formar parte de la presente demanda copia de las garantías suscritas por cada uno de los co-demandados. En virtud de las mismas, cada uno de los co-demandados garantizaron personalmente la deuda en que incurriera Hermanos Torres Pérez, Inc. por la compra de combustible a Peerless Oil & Chemicals, Inc.

15. En virtud de lo anterior, los co-demandados son deudores solidarios de la deuda impuesta mediante la sentencia del 13 de mayo de 2009 por el Honorable Tribunal de Primera Instancia, Sala Superior de Ponce. Una vez advino final y firme dicha sentencia y la posterior confirmación de la misma por el Tribunal Apelativo, la deuda de los co-demandados advino clara, líquida y exigible en contra de cada uno de los co-demandados.

16. A pesar del tiempo transcurrido y del conocimiento de los co-demandados sobre la deuda reclamada por POC, éstos se han negado a satisfacer la misma conforme se comprometieron mediante las garantías otorgadas a POC.

POR TODO LO CUAL, muy respetuosamente se solicita de este Honorable Tribunal declare con lugar la presente demanda y condene a los co-demandados solidariamente al pago de $3,122,261.00, más los intereses pactados en caso de mora, interés legal y honorarios de abogado.

RESPETUOSAMENTE SOMETIDO.

En San Juan, Puerto Rico hoy día 12 de agosto de 2009.

 



MELENDEZ PEREZ & LEDESMA
P.O. Box 19328
San Juan, PR 00910-1328
Tel: 787-622-3939
Fax: 787-622-3941
fvillarrubia@mplplaw.com

FRANCISCO J. VILLARRUBIA
Número de colegiado 14132

### Garantía Personal y Autorización para Investigar

Queda expresamente entendido y acordado que el abajo firmante garantiza solidariamente, en su carácter personal, el pago de cualquier suma adeudada por _Peerless Carrao Tiley_ a Peerless Oil & Chemicals, Inc., incluyendo los intereses aplicables, costos de cobranza y gastos legales. Reconocemos que Peerless podrá cobrar cualquier cantidad adeudada y no pagada sin antes tener que cobrar del deudor primario. Aceptamos, según aplique, todos los términos antes indicados. Renunciamos a ser notificados de cualquier enmienda a los términos de pago u otros acuerdos entre el deudor primario y Peerless Oil & Chemicals, Inc. No será necesario que Peerless proceda contra otras garantías o colaterales provistas por o a beneficio del deudor primario antes de solicitarnos el pago, judicial o extra-judicialmente.

Autorizamos a Peerless Oil & Chemicals, Inc. a obtener información de crédito sobre los suscribientes garantizadores. Reconocemos que Peerless Oil & Chemicals, Inc. podrá notificar a las agencias de crédito la experiencia de crédito de nuestra cuenta.

| | | | |
|---|---|---|---|
| _(firma)_ | _(firma)_ | XXX-XX-4366 | 6/30/08 |
| Nombre Completo | Firma | #SS | Fecha |

| | | | |
|---|---|---|---|
| Luis A. Velez Santiago | I. Velez | XXX-XX-0041 | 6/30/08 |
| Nombre Completo | Firma | #SS | Fecha |
| (Cónyuge o Garantizador Adicional) | | | |

6/04/08

## Garantía Personal y Autorización para Investigar

Queda expresamente entendido y acordado que el abajo firmante garantiza solidariamente, en su carácter personal, el pago de cualquier suma adeudada por _Hermano Torres Perez_ a Peerless Oil & Chemicals, Inc. incluyendo los intereses aplicables, costos de cobranza y gastos legales. Reconocemos que Peerless podrá cobrar cualquier cantidad adeudada y no pagada sin antes tener que cobrar del deudor primario. Aceptamos, según aplique, todos los términos antes indicados. Renunciamos a ser notificados de cualquier enmienda a los términos de pago u otros acuerdos entre el deudor primario y Peerless Oil & Chemicals, Inc. No será necesario que Peerless proceda contra otras garantías o colaterales provistas por o a beneficio del deudor primario antes de solicitarnos el pago, judicial o extra-judicialmente.

Autorizamos a Peerless Oil & Chemicals, Inc. a obtener información de crédito sobre los suscribientes garantizadores. Reconocemos que Peerless Oil & Chemicals, Inc. podrá notificar a las agencias de crédito la experiencia de crédito de nuestra cuenta.

| | | | |
|---|---|---|---|
| _Victor Torres Olivera_ | _Victor J Torres Olivera_ | ~~#SS~~ | 6-30-08 |
| Nombre Completo | Firma | #SS | Fecha |
| _Hilda Perez Souchet_ | _Hilda P. Souchet_ | ~~#SS~~ | 6-30-08 |
| Nombre Completo (Cónyuge o Garantizador Adicional) | Firma | #SS | Fecha |

6/04/08

**Garantía Personal y Autorización para Investigar**

Queda expresamente entendido y acordado que el abajo firmante garantiza solidariamente, en su carácter personal, el pago de cualquier suma adeudada por *Hnos Torres Perez Inc* a Peerless Oil & Chemicals, Inc., incluyendo los intereses aplicables, costos de cobranza y gastos legales. Reconocemos que Peerless pod á cobrar cualquier cantidad adeudada y no pagada sin antes tener que cobrar del deudor primario. Ace tamos, según aplique, todos los términos antes indicados. Renunciamos a ser notificados de cualquier enm enda a los términos de pago u otros acuerdos entre el deudor primario y Peerless Oil & Chemicals, Inc. No será necesario que Peerless proceda contra otras garantías o colaterales provistas por o a beneficio del deudor prim ario antes de solicitarnos el pago, judicial o extra-judicialmente.

Autorizamos a Peerless Oil & Chemicals, Inc. a obtener información de crédito sobre los suscribientes gar ntizadores. Reconocemos que Peerless Oil & Chemicals, Inc. podrá notificar a las agencias de crédito la exp riencia de crédito de nuestra cuenta.

| | | |
|---|---|---|
| _Victor Torres Perez_ | _[firma]_ | _6-30-08_ |
| Nombre Completo | Firma    #SS | Fecha |
| | | |
| _Annette Torres Padilla_ | _A. Foster_ | _6-30-08_ |
| Nombre Completo | Firma    #SS | Fecha |
| (Cónyuge | | |
| o Garantizador Adicional) | | |

6/04/08

## Garantía Personal y Autorización para Investigar

Queda expresamente entendido y acordado que el abajo firmante garantiza solidariamente, en su carácter personal, el pago de cualquier suma adeudada por _Hnos Torres Perez_ a Peerless Oil & Chemicals, Inc., incluyendo los intereses aplicables, costos de cobranza y gastos legales. Reconocemos que Peerless podrá cobrar cualquier cantidad adeudada y no pagada sin antes tener que cobrar del deudor primario. Aceptamos, según aplique, todos los términos antes indicados. Renunciamos a ser notificados de cualquier enmienda a los términos de pago u otros acuerdos entre el deudor primario y Peerless Oil & Chemicals, Inc. No será necesario que Peerless proceda contra otras garantías o colaterales provistas por o a beneficio del deudor primario antes de solicitarnos el pago, judicial o extra-judicialmente.

Autorizamos a Peerless Oil & Chemicals, Inc. a obtener información de crédito sobre los suscribientes garantizadores. Reconocemos que Peerless Oil & Chemicals, Inc. podrá notificar a las agencias de crédito la experiencia de crédito de nuestra cuenta.

| | | | |
|---|---|---|---|
| _German Rivera Colon_ | | XX-XX- ████ | 6-30-2008 |
| Nombre Completo | Firma | #SS | Fecha |
| _Wanda Torres Perez_ | | XX-XX- ████ | 6-30-08 |
| Nombre Completo (Cónyuge o Garantizador Adicional) | Firma | #SS | Fecha |

6/04/08

**Garantía Personal y Autorización para Investigar**

Queda expresamente entendido y acordado que el abajo firmante garantiza solidariamente, en su carácter personal, el pago de cualquier suma adeudada por ~~Hnos Torres Hnos, Inc.~~ a Peerless Oil & Chemicals, Inc., incluyendo los intereses aplicables, costos de cobranza y gastos legales. Reconocemos que Peerless podrá cobrar cualquier cantidad adeudada y no pagada sin antes tener que cobrar del deudor primario. Aceptamos, según aplique, todos los términos antes indicados. Renunciamos a ser notificados de cualquier enmienda a los términos de pago u otros acuerdos entre el deudor primario y Peerless Oil & Chemicals, Inc. No será necesario que Peerless proceda contra otras garantías o colaterales provistas por o a beneficio del deudor primario antes de solicitarnos el pago, judicial o extra-judicialmente.

Autorizamos a Peerless Oil & Chemicals, Inc. a obtener información de crédito sobre los suscribientes garantizadores. Reconocemos que Peerless Oil & Chemicals, Inc. podrá notificar a las agencias de crédito la experiencia de crédito de nuestra cuenta.

_Hilda Torres_          XXX-XX-████          06/30/08

| Nombre Completo | Firma | #SS | Fecha |

_no aplica_

| Nombre Completo | Firma | #SS | Fecha |
| (Cónyuge o Garantizador Adicional) | | | |

6/04/08