# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.; 09-05585 (BKT)** |
| **HERMANOS TORRES PÉREZ, INC.** | |
| Debtor | **CHAPTER 11** |

## DEBTOR'S OPPOSITION TO MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE FILED BY PEERLESS OIL & CHEMICALS, INC.

**TO THE HONORABLE COURT:**

**COMES NOW** Hermanos Torres Pérez, Inc., hereinafter the Debtor, through the undersigned attorney and very respectfully states and prays:

1. On October 6, 2009, Peerless Oil & Chemicals, Inc., ("Peerless") filed a motion requesting that this Honorable Court appoint a Chapter 11 Trustee in the above captioned case. (Docket 43)

2. The Debtor opposes the request for the appointment of a Chapter 11 Trustee. This motion is not only unfounded in fact and law, but it is also a retaliatory move on behalf of Peerless upon Debtor's request to the PR Department of Justice to investigate the unlawful actions of Peerless against the Debtor and other entities. Attached as **Exhibit 1** are copies of the sworn statements issued by the Debtor, San Juan Oil Company, Inc and Puerto Rico Safety Transport, Inc., which were submitted to the PR Department of Justice.

3. Peerless was the main cause for Debtor's bankruptcy filing. Since the filing of the bankruptcy petition the Debtor has been defending itself from all of the collateral attacks that Peerless has placed on its reorganization.

4. Peerless was the Debtor's sole supplier of petroleum. Upon the filing of the petition, Peerless decided to stop selling to the Debtor. It was current management which obtained,

on an emergency basis an alternate supplier, considering all of the hurdles which are faced in our present economy by an industry of this nature.

5. Peerless started with an attack to debtor's operations and when it could not prevail it commenced a litigation battle which now has before this Honorable Court the latest of its attacks, a request for a Chapter 11 Trustee.

6. This Honorable Court should be aware that the motion to appoint a Chapter 11 Trustee is part of a multi-forum litigation strategy of Peerless. Peerless has engaged in litigation against the Debtor's principals in the state court. It has filed complaints before the state courts against the two bonding companies that have bonds to secure the debt (Tower Bonding and MAPFRE) and has even filed claims before the Insurance Commissioner ("Comisionado de Seguros") against both sureties. Enclosed as **Exhibits 2, 3, 4,** and **5** are copies of the pleadings filed by Peerless before the state court and the Insurance Commissioner.[1]

7. When all of Peerless actions are viewed jointly, it is inevitable to conclude that Peerless is directly and indirectly attacking the Debtor and its reorganization process. The motion requesting the appointment of the Chapter 11 Trustee is the latest attack in order to strangle the Debtor and to see if it can intimidate the Debtor and coerce it to withdraw its claim before the Department of Justice.

8. Since the filing of the bankruptcy petition the Debtor has provided full disclosure of all matters related to its operations, specifically that this company has been for more than 30 years a family operated corporation.

---

[1] Peerless's actions have been so hostile that they have even opposed the reasonable requests made by Tower Bonding to stay the proceedings before the Insurance Commissioner until the state court case is resolved in order to avoid unnecessary litigation. **Exhibits 6 and 7**.

9.   The Debtor has historically acted as the main supplier to the gas stations of its insiders, which have been the customers of the Debtor all along. This fact was disclosed since the beginning of the case to all and is known by Peerless for years prior to the bankruptcy filing.

10.  The fact that there are account receivables to insiders of the Debtor has been disclosed since day 1. It was voluntarily disclosed in the Schedules. See Schedule B at Docket 14.

11.  The Debtor, through its President, Ms. María de los Angeles Torres Pérez testified at the meeting of creditors that the company was created by her father, it is currently led by her and her siblings and that there were account receivables owed by the insiders to the Debtor for many years. She further testified that even though this was a practice that was held prior to filing, upon filing the bankruptcy petition those practices ceased upon her instructions.

12.  Ms. Torres testified that she would try and collect all receivables that could be collected, including those owed by the insiders.

13.  As part the reorganization process, the Debtor, through Ms. Torres has commenced collection efforts on all account receivables. Attached as **Exhibit 8** are copies of the collection letters sent. Some clients have responded, while others have been referred for collection action.[2]

14.  Moreover, the insiders have already made payment plans with the Debtor in order to pay the receivables owed. Attached as **Exhibit 9** are copies of the payments plans made by the insiders.

15.  Also, the insider with the largest amount owed to the Debtor, Mr. Victor G. Torres Pérez is

---

[2] The Debtor expects to file within the next 30 days adversary proceedings for collection of moneys against those clients that have failed to respond to the collection letters sent.

currently trying to sell one of his gas stations in order to pay-off the debt accumulated with the Debtor. Enclosed as **Exhibit 10** is a sworn statement of Mr. Victor G. Torres Pérez.

16.    After the filing of the bankruptcy petition the Debtor has received payment from the insiders. All sales are cash sales or the same are repaid in a very short term (less than 30 days). Currently there is no preferential treatment to any of the insiders of the Debtor and they are being held accountable by Ms. Torres Pérez for all money owed.

17.    Furthermore, it is necessary to clarify several misrepresentations and erroneous assumptions made by Peerless in its motion requesting the appointment of a Chapter 11 Trustee. Peerless has conveniently accommodated the data offered in the Schedules by the Debtor, in order to induce this Honorable Court that the list detailed in ¶9 of the motion relates to insiders.

18.    The Debtor does not dispute that there are considerable debts from its insiders. Nevertheless, the record of the case needs to be clarified in order to reflect the accuracy of the account receivables emphasized by Peerless.

19.    From the list provided in ¶9 of Peerless' motion the following are receivables held by non-insider entities:

    a.    Edwin González: $132,005.55

    b.    Juan Torres- Garage Villalba: $256,356.40

    c.    Speedway Gasoline: $420,332.00

20.    This creates a total of $808,693.95 which were listed by Peerless and which are account receivables owed by non-debtor entities.

21.    Also it is indispensable to clarify that there are two entries which the Debtor intends to eliminate as account receivables owed. The reason for the elimination of these entries is that

they were funds that were provided a to the insiders in order to purchase , build and/or make improvements to the Victory Star SJ and Jaimito Victory Pastillo gas stations. These gas stations were later transferred to the Debtor, and are currently being leased. Unfortunately the Debtor never eliminated from its records the debt which was generated from the construction and/or purchase of the gas stations. Attached as **Exhibit 11** is copy of deed number 2 dated January 12, 2004, executed before Notary José Rafael Ramírez-Ramos, which details the transfer of the real estate to the Debtor.[3]

22. The Debtor will, through the reorganization process, make the necessary adjustments to its accounting in order to reflect this reality. Therefore, the following amounts need to be deducted from the list provided by Peerless in ¶9 of its motion:

    a.    Victory Star SJ: $571,867.00

    b.    Jaimito Victory Pastillo: $346,910.00

23. This creates a total of $918,777.00 which were listed by Peerless and which need to be eliminated as account receivables of the Debtor.

24. If we consider this amount and the amount listed in item 16 above, there is a total of $1,727,470.90 which were included by Peerless in ¶9 of its motion and are not debts of insiders or need to be adjusted.

25. Peerless alleges that there have been no collection of the pre-petition account receivables in the months of July and August. While the month of July reflects no collections, the Monthly Operating Report of August reflects that collections in the amount $80,374.84. Therefore, Peerless' statement are not true.

---

[3] This deed also refers to other real estate property which was transfered to the Debtor.

5

26. Peerless alleges that due to the fact that the company is a family corporation with account receivables to its insiders, a chapter 11 Trustee is required. Peerless erroneously concludes in ¶19 of its motion that the Debtor itself is his primary debtor and that no real efforts to collects are going to be made. Peerless further concludes that no compromise with the wealth of the corporation really exists.

27. As we have explained above these allegations are far from the truth. Ms. Torres Pérez, as President of the Debtor, has taken the personal task of assuring that all matters related to the operations of the Debtor are in full compliance with the expected standards of a Chapter 11 Debtor in Possession. She has not only led this Debtor through the operational set backs caused by Peerless' determination to cease the supply of petroleum products, but has disclosed with candor and good faith all matters related to the financial situation of the Debtor.

28. The Monthly Operating Report of August reflects that the Debtor continues to operate with a positive ending cash balance of $445,195.00 and that sales have increased from $2,819,912.00 to $3,843,344.00. See summary of the Monthly Operating Reports of July and August; Dockets 35 and 41 respectively.

29. The Debtor's reorganization is premised mainly in its cash sales. The collection of the receivables is a factor to be considered in the reorganization process, true. Nonetheless, it is not the main source of income of this Debtor and will not be the main source of income to fund the plan of reorganization. This Honorable Court should consider and bear in mind the impact that a Chapter 11 Trustee may have on the day to day operations of the Debtor and the impairment that this may have in the outcome of the reorganization.

30. Peerless cites as grounds for its request for a chapter 11 trustee the case of In re: Oklahoma Rrefining, 838 F. 2d. 1133 (10th Cir. 1998). This case is clearly distinguishable from the case at bar. In Oklahoma Refining the debtor had continued to provide post petition preferential treatment to insiders by virtue of discounts and extension of post petition credit terms to the same. In this case the debtor has not provided preferential treatment to insiders after the filing of the bankruptcy petition. All sales have been made on cash basis and the Monthly Operating Reports reflect that no post petition receivables to insiders have been generated. In Oklahoma Refinery the debtor was deviating funds to an outside bank and was inflating the price of the inventory in order to provide credit to its affiliates. This is clearly not the situation at hand. The Debtor in this case has full filled all of its fiduciary duties as Debtor in Possession and is operating its business in a profitable fashion without jeopardizing the interests of the creditors and all other parties in interest.

31. In this case there is no fraud, gross mismanagement, incompetence or dishonesty. Peerless has been unable to present a scintilla of evidence that would sustain said allegations. The Debtor has filed promptly all of its Monthly Operating Reports and to fully disclose all transactions to the Court, the creditors and the US Trustee. There is no "cause" to appoint a Chapter 11 Trustee in this case.

32. It is settled that appointment of a trustee should be the exception, rather than the rule. In re McCorhill Publishing, Inc., 73 Bankr. 1013, 1016-17 (Bankr. S.D.N.Y. 1987) (citing 11 U.S.C.§1108 (1982 & Supp. IV 1986));In re General Oil Distribs., Inc., 42 Bankr. 402, 408 (Bankr. E. D.N.Y. 1984); In re Main Line Motors, 9 Bankr. 782, 784, (Bankr. E.D. Pa. 1981); see 11 U.S.C.§1108 (1982 & Supp. IV 1986); H.R. Rep. No. 595, 95th Cong., 1st

Sess. 233 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin. News 5963, 6192 ("Very often the creditors will be benefitted by continuation of the debtor-in-possession, both because the expense of a trustee will not be required, and the debtor, who is familiar with his business, will be better able to operate it during the reorganization case."). While 11 U.S.C.1104(a) mandates appointment of a trustee when the bankruptcy court finds cause -- seemingly requiring plenary review, "a determination of cause . . . is within the discretion of the court," Committee of Dalkon Shield Claimants, 828 F.2d at 242.

33.     Clearly there is no cause under section 1104 (a)(1) to appoint a Chapter 11 Trustee. Nor has Peerless complied with its burden of proof to obtain the remedy requested to the court. The promoting party for the appointment of a Chapter 11 Trustee must prove the need for a trustee by clear and convincing evidence[4]. In re Clinton Centrifuge, Inc., 85 Bankr. 980, 984 (Bankr. E.D. Pa. 1988); In re Paolino, 53 Bankr. 399, 401 (Bankr. E.D. Pa. 1985). Peerless has failed to provide clear and convincing evidence that the appointment of a trustee is warranted. Its motion is devoid of any evidence whatsoever to sustain its request for such an extraordinary remedy.

34.     In this case the appointment of a Chapter 11 Trustee is also not warranted under the broad provisions of 1104 (a)(2). When considering if the appointment of a trustee is in the best interest of creditors pursuant to Section 1104(a)(2), the court should look to the practical realities of the case and necessities of the reorganization process. The court should also consider the following four factors:

---

[4] Other cases have held that the standard of proof is preponderance of evidence. Nevertheless, we believe that Peerless in any event has also failed to comply with the less strict standard.

a. the trustworthiness of the debtor;

b. the debtor in possession's past and present performance and prospects for the debtor's rehabilitation;

c. the confidence -- or lack thereof -- of the business community and of creditors in present management;

d. the benefits derived by the appointment of a trustee, balanced against the costs of appointment. See In re: Tradex Corp. vs Morse, 339 BR 823 (Bkrtcy. D. Mass 2006)

35. The case of Tradex, supra, also cited by Peerless is clearly distinguishable for our case. In Tradex, the debtor had failed to make adequate disclosures since the inception of the case. It had failed to file accurate Schedules even when extensions were granted by the Court. Clearly this is not the situation here. The Debtor from day 1 has been candid and forthcoming with all of its financial information, even when knowing that the same would be scrutinized and questioned by the Court, the creditors and the US Trustee. It disclosed the fact that it was a family corporation which in the past had generated considerable account receivables to its insiders in the Schedules and the Meeting of Creditors. With the same token it informed and has upheld its intent to collect and reconcile these receivables. The Debtor is treating the insiders with the same standards it is treating all of its other clients.

36. The two goals that are attempted to be achieved pursuant to Section 1104 of the Bankruptcy Code are the facilitation of the debtor's reorganization and the protection of the public interest and of creditors. According to the House Report, these goals could best be accomplished by allowing the debtor to remain in possession and have administration of the assets of the estate, **unless some strong reason existed to remove the debtor in favor of**

**a trustee.** The House Report suggested that, in most cases, the debtor will have entered bankruptcy as a result of honest business reverses, and appointment of a trustee, with the attendant disruption of business management, would not benefit, and indeed might harm, creditors. A trustee unfamiliar with the business and its creditors will usually suffer delay and expense learning facts and circumstances that the trustee needs to know in order to facilitate the debtor's reorganization. Nevertheless, the House Report recognized that in some cases fraud, gross mismanagement, or other circumstances might be present under which the benefit of a trustee would outweigh the detriment. In view of this expressed purpose, it would seem that a court considering a motion to appoint a trustee **should generally balance the benefit to be gained from such an appointment against the detriment to the reorganization effort and the rights of the debtor that may result from such an appointment**. See Collier on Bankruptcy P. 1104.02(15th ed. Revised 2009) citing the H.R. Rep. No. 595, 95th Cong., 1st Sess. 232-33 (1977).

37.    This Honorable Court must also consider that the "interests" standard of Section 1104 (a)(2) requires a finding that appointment of a trustee **would be in the interest of essentially all interested constituencies**. Section 1104(a)(2) provides for the appointment of a trustee when such an appointment is in the interest of "creditors, any equity security holders, *and* other interests of the estate.". Collier, supra citing In re Marvel Entertainment Group, Inc., 140 F.3d 463, 474-75 (3d Cir. 1998)

38.    Peerless cannot, on its own, and to its sole benefit, obtain the appointment of a trustee under 1104 (a)(2) in order to disenfranchise equity security holders or other interests. Instead, appointment of a trustee must be in the interest of the estate generally in order to satisfy the

statutory "interests" standard. Thus, when equity security holders or other ownership interests properly and in good faith support the debtor's current management, it will be difficult to obtain an order for the appointment of a trustee under the "interests" standard, as such an appointment will presumably not be in the interest of equity. In re Marvel Entertainment Group, Inc., 140 F.3d 463, 474-75 (3d Cir. 1998).

39.     Once again we stress to this Honorable Court the fact that the motion requesting the appointment of a Chapter 11 Trustee is part of the multi-forum litigation scheme Peerless has ensued upon the filing of the Debtor's bankruptcy petition. It is also an act of vendetta in order to crush the Debtor because of its position before the PR Department of Justice. When overseeing the facts from above, this Honorable Court can see that this is analogous to the story of David vs Goliath, where we have a powerful and resourceful creditor ("Peerless") who is attacking by all means a less advantageous entity (the Debtor). No other party will be benefitted from the appointment of a Chapter 11 Trustee, aside from Peerless.

40.     The Debtor's current management is appropriate and the most capacitated to conduct the reorganization of the Debtor. A Chapter 11 trustee would not benefit the estate. On the contrary, the costs and expenses related to the appointment and works to be performed by the chapter 11 Trustee outweigh the benefits that could be obtained.

41.     The "interests" standard created by Section 1104 (a)(2) requires a balancing of costs and benefits in determining whether the appointment of a trustee is appropriate. Such an appointment would be in the interest of the estate **if the benefits to all interests of the estate to be derived from a trustee outweigh the detriment to the estate**. The benefits will, of course, depend on the nature of the particular case. When current management is competent

11

and able to adjust to its new obligations under chapter 11 there is no benefit to the appointment of a trustee. This is clearly the case at hand.

42. Peerless is trying to imply that current management is impeded to comply with its duties in an objective way, because an alleged "conflict of interests" arises. Nevertheless, current management has confronted this situation head front and is taking the necessary measures in order to collect all amounts owed.

43. Also the fact that Peerless has sued the insiders in their personal capacity has not affected their compromise and commitment to the reorganization of the Debtor. Precisely because this has been a family corporation current management views the operation of this business as an integral part of their existence. Ms. Torres Pérez and her siblings are committed to seeing that this reorganization process is successful. The Debtor is for them, not just the means to an economic end. It is the legacy of their father and the core of their family.

44. The Debtor reinstates that in this case the appointment of a Chapter 11 Trustee is not warranted and this Honorable Court should deny the request made by Peerless. Not even under the less strict standard of Section 1104 (a)(2) has Peerless complied with its burden of proof. The best interest of all of the parties in this case and the estate relies in the continuation of current management and their expertise in the field in order for the Debtor to continue with its successful reorganization process.

45. This is a Debtor that has come before the court with clean hands, good faith, candidness, full disclosure and with a true determination to reorganize and amend all mistakes of the past. The Debtor is currently operating with a profit and has increased its cash sales in excess of $1M since the filing of the petition.

46.     No other creditor has joined Peerless' request for a Chapter 11 Trustee. The Debtor has continued dealing successfully with its other creditors in furtherance of its reorganization. There is no sign of loss of confidence by any other creditor. What this Court has before it is a one sided request by a creditor which clearly has ulterior motives to destroy and replace the current management of the Debtor. This Honorable Court should not avail this conduct and abuse of the bankruptcy proceedings. The request for the appointment of the chapter 11 trustee should therefore be denied.

**WHEREFORE**, the Debtor very respectfully requests this Honorable Court that it deny the request for a Chapter 11 Trustee filed by Peerless.

**RESPECTFULLY SUBMITTED.**

In San Juan, PR this 26th day of October 2009.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties listed below:

- SOLYMAR CASTILLO MORALES scastillo@mplplaw.com, scmorales@castillolawpr.com
- CARMEN D CONDE TORRES notices@condelaw.com
- MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov
- US TRUSTEE ustpregion21.hr.ecf@usdoj.gov
- YASMIN ROCIO VAZQUEZ VAZQUEZ quiebras@bppr.com, yavazquez@bppr.com

**C. CONDE & ASSOC.**
*S/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor

Old San Juan, Puerto Rico  00901
Telephone:  787-729-2900
Facsimile:  787-729-2203
E-Mail:  *condecarmen@microjuris.com*

## SWORN STATEMENT

I, María de los Angeles Torres Pérez, of legal age, married, merchant and resident of Ponce, Puerto Rico, duly declare under oath:

1. That my name and legal circumstances are as above stated.

2. That I am the President of Hermanos Torres Pérez, Inc.

3. That Hermanos Torres Pérez, Inc. began its business operation since 1985.

4. That Hermanos Torres Pérez, Inc. business is the distribution and sale of combustible to dealers throughout Puerto Rico.

5. That for many years, Hermanos Torres Pérez, Inc. has been purchasing the combustible with Peerless Oil & Chemicals , a wholesaler.

6. Hermanos Torres Pérez, Inc declares that since 2004 Peerless began to distribute and sell combustible directly to the dealers in competition with Hermanos Torres Pérez, Inc.

7. That this practice has limited Hermanos Torres Perez' income in an unfair competition, in prices and/or credit terms provided by Peerless to clients, to which Hermanos Torres can not compete.

8. In 2008, Hermanos Torres Pérez, Inc. began to encounter problems with Peerless Oil & Chemicals due to their requests for additional guarantees and at the same time limiting Hermanos Torres Perez means of income.

9. Peerless Oil & Chemicals requested an unlimited and continue personal warranty from all officers conditioning the distribution of combustible to this warranty.

10. That Hermanos Torres Pérez, Inc.'s office gave their unlimited and continue

personal warranty.

11.    That after that action, Peerless Oil & Chemicals stopped selling to Hermanos Torres and proceeded to sue Hermanos Torres Pérez, Inc for collection of moneys.

12.    That Hermanos Torres Pérez Inc was forced to file a Bankruptcy Petition under the provisions of the Chapter 11 of the Bankruptcy Code on July 7, 2009.

13.    That Hermanos Torres Pérez, Inc is in the process of reorganization of it business.

14.    That the reorganization process is being jeopardize due to Peerless actions.

I declare under penalty of perjury, that this statement is true and correct.

In San Juan, Puerto Rico, this 17 day of September, 2009.

María de los Angeles Torres Pérez
Hermanos Torres Pérez, Inc.

Affidavit No. 154

Sworn and signed before me by María de los Angeles Torres Pérez of the above stated circumstances, who is personally known to me.

In San Juan, Puerto Rico, this 17 day of September, 2009.

NOTARY PUBLIC

## SWORN STATEMENT

I, Néstor del Castillo Hernández, of legal age, married, merchant and resident of San Juan, Puerto Rico, duly declare under oath:

1.  That my name and legal circumstances are as above stated.

2.  That I am the President of San Juan Oil Company, Inc.

3.  That San Juan Oil Company, Inc. began its business operation since 1967.

4.  That San Juan Oil Company, Inc. business is the distribution and sale of combustible to dealers throughout Puerto Rico.

5.  That for many years, San Juan Oil Company, Inc. has been purchasing the combustible with Peerless Oil & Chemicals , a wholesaler.

6.  San Juan Oil Company, Inc. declares that since 2004 Peerless began to distribute and sell combustible directly to the dealers in competition with San Juan Oil Company, Inc.

7.  That this practice limited San Juan Oil Company' income in an unfair competition, in prices and/or credit terms provided by Peerless to clients, to which San Juan Oil Company can not compete.

8.  That San Juan Oil Company, Inc. began to encounter problems with Peerless Oil & Chemicals due to their requests for additional guarantees and at the same time forcing San Juan Oil Company to closed operations in June 2009.

In San Juan, Puerto Rico, this 17 day of September, 2009.

_____

Néstor del Castillo Hernández

San Juan Oil Company, Inc.

Affidavit No. 155

Sworn and signed before me by Néstor del Castillo Hernández of the above stated circumstances, who is personally known to me.

In San Juan, Puerto Rico, this 17 day of September, 2009.

NOTARY PUBLIC

# DECLARACION JURADA

**Yo,** Neil Ulises Borrrero Vélez, mayor de edad, casado, comerciante y vecino de Ponce, Puerto Rico, declaro:

1. Que mi nombre y demás circunstancias personales son las antes mencionadas.

2. Que represento en calidad de Presidente a Puerto Rico Safety Transport, Inc.

3. Que Puerto Rico Safety Transport, Inc. fue incorporado en el 1997 y comenzó operaciones como distribuidor y venta de combustible a detallistas a través de todo Puerto Rico en el año 2003.

4. Que por varios años, Puerto Rico Safety Transport, Inc. le ha comprado combustible a Peerless Oil & Chemicals.

5. Que a partir del año 2004, Puerto Rico Safety Transport, Inc. declara que Peerless Oil & Chemicals comenzó a vender y distribuir combustible directamente a los detallistas compitiendo así con Puerto Rico Safety Transport, Inc.

6. Que dicha práctica limitó los ingresos de Puerto Rico Safety Transport, Inc. siendo esta una competencia injusta, ya que Puerto Rico Safety Transport, Inc no podía competir con la oferta de precio y/o términos de crédito ofrecida a los detallistas por Peerless Oil & Chemicals.

7. Que Peerless Oil & Chemicals, le solicitó a Puerto Rico Safety Transport, Inc un aumento en las fianzas aseguradoras.

8. Que para el año 2007, Peerless Oil & Chemicals presentó demanda en cobro de dinero contra Puerto Rico Safety Transport, Inc.

9. Que debido a dicho litigio, Puerto Rico Safety Transport, Inc. se vió obligado a cerrar operaciones el pasado mes de mayo de 2008.

10. Certifico que todo lo anteriormente relatado es cierto, constándome de propio y personal conocimiento.

**PARA QUE ASI CONSTE,** la firmo en San Juan, Puerto Rico a 17 de septiembre de 2009.

Neil Ulises Borrero Vélez

Puerto Rico Safety Transport, Inc.

AFFIDÁVIT NÚMERO: 156

Jurado y suscrito ante mí por Puerto Rico Safety Transport, Inc., de las circunstancias personales antes mencionadas, a quien doy fe de haber identificado mediante licencia de conducir número _1022089_, en San Juan, Puerto Rico, a 17 de septiembre de 2009.

NOTARIO PÚBLICO

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR

PEERLESS OIL & CHEMICALS, INC.

Demandante

v.

TOWER BONDING AND SURETY
COMPANY, INC.

Demandado

CIVIL NUM.: KCdF-3040

SOBRE:

COBRO DE DINERO

2009 AUG -5 PM 5: 04

## DEMANDA

AL HONORABLE TRIBUNAL:

Comparece la parte demandante PEERLESS OIL & CHEMICALS, INC. ("POC"), por conducto de su representación legal que suscribe y ante este Honorable Tribunal muy respetuosamente expone, alega y solicita:

1. La parte demandante, Peerless Oil & Chemicals, Inc. es una corporación organizada bajo las leyes del estado de Delaware, autorizada para hacer negocios en Puerto Rico, y opera un terminal para el almacenamiento y venta de derivados de petróleo localizado en la Carretera #127, Km. 17.1, en Peñuelas, Puerto Rico, en donde también se encuentran sus oficinas principales. Su número telefónico es (787) 836-1280.

2. Tower Bonding and Surety Company, Inc., en adelante "Tower Bonding" o "la demandada", es una compañía de seguros autorizada a ejercer tal negocio en Puerto Rico. La misma está debidamente incorporada según las leyes del E.L.A. y tiene personalidad jurídica y capacidad para demandar y ser demandada. Su dirección postal es P. O. Box 9022070, San Juan, Puerto Rico 00902-2070 y su número de teléfono es (787) 723-2868.

3. El 2 de octubre de 2007 y el 1ro de abril de 2008 Tower Bonding emitió dos fianzas (Financial Guarantee Bond), números 664-107 y 746-038, respectivamente, con Hermanos Torres Pérez, Inc. (en adelante "Hermanos Torres") por la cantidad de quinientos mil dólares ($500,000.00) cada una, para garantizar la compra de derivados de petróleo por parte de Hermanos Torres Pérez, Inc. a la parte demandante Peerless Oil & Chemicals, Inc. (en adelante "Peerless").

4. Según versan las garantía antes mencionada, copia de las cuales anejamos al presente escrito para la fácil revisión del Tribunal, el pago por la compra de derivados de

petróleo sería requerido a Hermanos Torres dentro de los siete (7) días de la entrega de gasolina y dentro de los treinta días (30) de la entrega de los productos identificados como lubricantes, disponiéndose que en caso de incumplimiento de Hermanos Torres con el pago de los productos vendidos, la demandante le notificaría a la Tower Bonding para el correspondiente pago y la liberación de la fianza. Véase anejo 1.

5. Las condiciones para la liberación de las fianzas fueron cumplidas.

6. Hermanos Torres Pérez, Inc. (principal) obtuvo los productos vendidos por la demandante Peerless.

7. Con posterioridad a ello Hermanos Torres Pérez, Inc. no pagó por tales productos, por lo cual la deuda advino vencida, líquida y exigible.

8. Hermanos Torres Pérez, Inc. aceptó la existencia de la deuda, tanto de principal como de los intereses.

9. Así las cosas, Peerless Oil & Chemicals, Inc. presentó la correspondiente reclamación para el pago de las fianzas expedida por la demandada Tower.

10. Con posterioridad la reclamación inicial Tower se negó a liberar las mencionadas fianzas.

11. Peerless presentó demanda en contra de Hermanos Torres Pérez, Inc. por la deuda incurrida. Durante dicho proceso Hermanos Torres Pérez, Inc. aceptó la cuantía de la deuda, tanto de principal como de intereses.

12. El Tribunal de primera instancia de Ponce, mediante Sentencia Parcial declaró Ha Lugar la demanda incoada por Peerless, en cuanto a la cuantía principal de la deuda. Dicha Sentencia es final, firme e inapelable.

13. Peerless ha solicitado en varias ocasiones a Tower Bonding el pago de la fianza conforme a los términos de la misma.

14. Tower Bonding ilegalmente se ha negado a liberar la misma.

15. No existe razón alguna para que Tower Bonding se libere de su obligación de satisfacer la deuda de su principal ante el requerimiento hecho por Peerless.

16. En el presente caso existen todos los elementos para que Tower Bonding libere la fianza a la cual se comprometió.

17. Peerless reclamó formalmente a Tower Bonding el pago de la deuda de su asegurado (Hermanos Torres Pérez) para con Peerless.

2

18. La deuda de Hermanos Torres Pérez hacia Peerless excede por mucho la cantidad de la fianza.

19. La deuda de Hermanos Torres Pérez para con Peerless está vencida, es líquida y exigible.

20. Hermanos Torres Pérez, Inc. aceptó la deuda, tanto principal como intereses. Este hecho fue informado a Tower Bonding mediante carta fechada 8 de julio de 2009, en la cual se incluyó para su fácil revisión copia de la Sentencia Parcial del Tribunal Superior de Ponce y Sentencia del Tribunal de Apelaciones, las cuales recogieron sin lugar a duda la aceptación de la deuda por parte de Hermanos Torres Pérez.

21. Peerless le ha suministrado a Tower Bonding toda la documentación pertinente a la deuda.

22. Tower Bonding ha tenido tiempo suficiente para examinar la misma.

23. El no satisfacer la reclamación aquí hecha constituye una práctica desleal en el ajuste de reclamaciones por parte de Tower Bonding.

24. La deuda está vencida, es líquida y exigible, y a pesar de los requerimientos de pago hechos por Peerless, la misma no ha sido satisfecha por Tower Bonding.

25. En vista de lo anterior, Peerless solicita que se ordene a la demandada Tower Bonding a liberar el pago de las garantías en su totalidad, más intereses legales desde la radicación del presente pleito.

26. La Regla 44.1(d) de las de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, R. 44.1(d), dispone como sigue:

> "En caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta."

27. Nuestro Tribunal Supremo ha expresado que se considerará temeraria toda aquella conducta que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o que requiera a la otra parte efectuar gestiones innecesarias." Torres Ortiz v. E.L.A., 136 D.P.R. 556, 565 (1994).

28. Como se ve de la discusión que antecede y de los documentos anejados a la presente demanda, la obligación de pago de Tower Bonding fue clara. Sin embargo, la demandada decidió hacer caso omiso de los requerimientos de pago de Peerless, forzando a

Peerless a recurrir ante este Honorable Tribunal e incurrir en gastos y honorarios de abogado que se pudieron evitar, abonando además a la congestión innecesaria del calendario judicial.

29. Por tal razón, POC respetuosamente solicita que se condene a la demandada al pago de los honorarios de abogados en que la demandante incurra por la temeridad de los demandados.

POR TODO LO CUAL, respetuosamente se solicita al Honorable Tribunal que declare con lugar la demanda, y en su consecuencia, condene a la demandada Tower Bonding a pagar a Peerless Oil & Chemicals las cuantías aseguradas por las fianzas otorgadas a Hermanos Torres Pérez, Inc., más la cantidad total que la demandante pague por concepto de honorarios de abogados por temeridad, así como los gastos y costas del pleito; intereses legales desde la radicación de la demanda, junto con cualquier otro pronunciamiento que en derecho proceda.

RESPETUOSAMENTE SOMETIDO.

En San Juan, Puerto Rico, hoy día 5 de agosto de 2009.

  

MELENDEZ PEREZ & LEDESMA
P.O. Box 19328
San Juan, PR 00910-1328
Tel.: (787) 622-3939
Fax: (787) 622-3941

FRANCISCO J. VILLARRUBIA
Número de colegiado 14132

4

RCD 2009 - 3039

| | |
|---|---|
| PEERLESS OIL & CHEMICALS, INC. | CIVIL NUM.: |
| Demandante | SOBRE: |
| v. | COBRO DE DINERO |
| MAPFRE PRAICO INSURANCE COMPANY | |
| Demandado | |

## DEMANDA

AL HONORABLE TRIBUNAL:

Comparece la parte demandante PEERLESS OIL & CHEMICALS, INC. ("POC"), por conducto de su representación legal que suscribe y ante este Honorable Tribunal muy respetuosamente expone, alega y solicita:

1.      La parte demandante, Peerless Oil & Chemicals, Inc. es una corporación organizada bajo las leyes del estado de Delaware, autorizada para hacer negocios en Puerto Rico, y opera un terminal para el almacenamiento y venta de derivados de petróleo localizado en la Carretera #127, Km. 17.1, en Peñuelas, Puerto Rico, en donde también se encuentran sus oficinas principales.  Su número telefónico es (787) 836-1280. En adelante se le denominará "*Peerless*" o "*la demandante*".

2.      MAPFRE PRAICO INSURANCE COMPANY, en adelante "*MAPFRE*" o "*la demandada*", es una compañía de seguros autorizada a ejercer tal negocio en Puerto Rico. La misma está debidamente incorporada según las leyes del E.L.A. y tiene personalidad jurídica y capacidad para demandar y ser demandada.  Su dirección postal es P. O. Box 70333, San Juan, Puerto Rico 00936-8333 y su número de teléfono es (787) 250-6500.

3.      El 13 de septiembre de 2007 MAPFRE suscribió una fianza (Financial Guarantee Bond) con Hermanos Torres Pérez, Inc., (en adelante también denominada "*Hermanos Torres*"), por la cantidad de quinientos mil dólares ($500,000.00), para garantizar la compra de derivados de petróleo por parte de Hermanos Torres Pérez, Inc. a la parte demandante Peerless Oil & Chemicals, Inc.

4.      Según versa la garantía antes mencionada, copia de la cual anejamos al presente escrito para la fácil revisión del Tribunal, el pago por la compra de derivados de petróleo sería

requerido a Hermanos Torres dentro de los diez (10) días de la entrega del producto, disponiéndose que en caso de incumplimiento de Hermanos Torres con el pago de los productos vendidos por más de quince (15) días luego de su vencimiento, la Peerless le notificaría a la MAPFRE para el correspondiente pago y la liberación de la fianza. Dispone también la fianza suscrita por las partes que la misma entraría en vigor luego que el principal agotara una línea de crédito con el Banco Popular de Puerto Rico por la cantidad de un millón de dólares. ($1,000,000.00). Véase anejo 1.

5.  Las condiciones para la liberación de la fianza fueron cumplidas.

6.  Hermanos Torres Pérez, Inc. (principal) obtuvo los productos vendidos por la demandante Peerless. Con posterioridad a ello Hermanos Torres Pérez, Inc. no pagó por tales productos, por lo cual la deuda advino vencida, líquida y exigible.

7.  Hermanos Torres Pérez, Inc. reconoció la existencia de la deuda, tanto de principal como de los intereses.

8.  Hermanos Torres Pérez, Inc. también consumió la línea de crédito de Banco Popular de P.R., segunda condición impuesta en la fianza expedida por MAPFRE.

9.  Así las cosas, Peerless Oil & Chemicals, Inc. presentó la correspondiente reclamación para el pago de la fianza expedida por la demandada MAPFRE.

10. Con posterioridad a la reclamación inicial, MAPFRE determinó cerrar dicha reclamación aduciendo que el principal (Hermanos Torres) "*estaba en trámites de pago*" y que éste había presentado *ciertas* alegaciones de hechos ante el tribunal.

11. Peerless presentó demanda en contra de Hermanos Torres Pérez, Inc. por la totalidad de la deuda incurrida, caso Civil Número JCD2008-1113. Durante dicho proceso Hermanos Torres Pérez, Inc. aceptó la cuantía de la deuda, tanto de principal como de intereses.

12. El Tribunal de Primera Instancia de Ponce, mediante Sentencia Parcial declaró Ha Lugar la demanda incoada por Peerless, en cuanto a la cuantía principal de la deuda. Dicha Sentencia es final, firme e inapelable.

13. Peerless ha solicitado en varias ocasiones a MAPFRE el pago de la fianza conforme a los términos de la misma.

14. MAPFRE se ha negado a liberar la misma en violación al acuerdo suscrito.

15. No existe razón alguna para que MAPFRE se libere de su obligación de satisfacer la

2

deuda de su principal ante el requerimiento hecho por Peerless.

16.  En el presente caso existen todos los elementos para que MAPFRE libere la fianza a la cual se comprometió.

17.  Peerless reclamó formal y oportunamente a MAPFRE el pago de la deuda de su asegurado (Hermanos Torres Pérez) para con Peerless.

18.  La deuda de Hermanos Torres Pérez hacia Peerless, a esta fecha aceptada por Hermanos Torres y sobre la cual también existe Sentencia, excede por mucho la cantidad de la fianza.

19.  La deuda de Hermanos Torres Pérez para con Peerless está vencida, es líquida y exigible.

20.  Hermanos Torres Pérez, Inc. aceptó la deuda, tanto principal como intereses. Este hecho fue informado a MAPFRE mediante carta fechada 8 de julio de 2009, en la cual se incluyó para su fácil revisión copia de la Sentencia Parcial del Tribunal Superior de Ponce y Sentencia del Tribunal de Apelaciones, las cuales recogieron sin lugar a duda la aceptación de la deuda por parte de Hermanos Torres Pérez.

21.  Peerless ha presentado toda la documentación pertinente a la deuda y MAPFRE ha tenido tiempo suficiente para examinar la misma.

22.  A pesar de todo ello MAPFRE continúa negándose a liberar la misma.

23.  El no satisfacer la reclamación aquí hecha constituye una práctica desleal en el ajuste de reclamaciones.

24.  La deuda de MAPFRE para con Peerless está vencida, es líquida y exigible, y a pesar de los múltiples requerimientos de pago hechos por Peerless, la misma no ha sido satisfecha por MAPFRE.

25.  En vista de lo anterior, Peerless solicita que se ordene a la demandada MAPFRE a liberar el pago de la garantía en su totalidad, más intereses legales desde la radicación del presente pleito.

26.  La Regla 44.1(d) de las de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, R. 44.1(d), dispone como sigue:

09 AUG -6 PM

"En caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta."

27.     Nuestro Tribunal Supremo ha expresado que se considerará temeraria toda aquella conducta que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o que requiera a la otra parte efectuar gestiones innecesarias." Torres Ortiz v. E.L.A., 136 D.P.R. 556, 565 (1994).

28.     Como se ve de la discusión que antecede, la obligación de pago de MAPFRE fue clara. Sin embargo, la demandada decidió hacer caso omiso de los requerimientos de pago de Peerless, forzando a Peerless a recurrir ante este Honorable Tribunal e incurrir en gastos y honorarios de abogado que se pudieron evitar, abonando además a la congestión innecesaria del calendario judicial.

29.     Por tal razón, POC respetuosamente solicita que se condene a la demandada al pago de los honorarios de abogados en que la demandante incurra por la temeridad de los demandados.

POR TODO LO CUAL, respetuosamente se solicita al Honorable Tribunal que declare con lugar la demanda, y en su consecuencia, condene a la demandada MAPFRE a pagar a Peerless Oil & Chemicals la fianza otorgada a Hermanos Torres Pérez, Inc., más intereses legales desde la radicación de la presente reclamación, más la cantidad total que la demandante pague por concepto de honorarios de abogados por temeridad, así como los gastos y costas del pleito; con cualquier otro pronunciamiento que en derecho proceda.

RESPETUOSAMENTE SOMETIDO.

En San Juan, Puerto Rico, hoy día 5 de agosto de 2009.

  

MELENDEZ PEREZ & LEDESMA
P.O. Box 19328
San Juan, PR 00910-1328
Tel.: (787) 622-3939
Fax: (787) 622-3941

FRANCISCO J. VILLARRUBIA
Número de colegiado 14132

09 AUG -6 PM 1:58

BI-LEGAL

4

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR

PEERLESS OIL & CHEMICALS, INC.                    CIVIL NÚM.      5039

   Demandantes                                SOBRE:      508

   v.

MAPFRE PRAICO INSURANCE COMPANY                   COBRO DE DINERO

   Demandados

-----------------------------------------------------

### EMPLAZAMIENTO

ESTADOS UNIDOS DE AMERICA                )
EL PRESIDENTE DE LOS ESTADOS UNIDOS      )    SS.
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO  )

A:    MAPFRE PRAICO INSURANCE COMPANY
      297 Ave. Carlos Chardón
      Urb. Tres Monjitas Industrial
      San Juan, PR
      Tel: 787-250-6500

o sea la parte demandada arriba mencionada.

POR LA PRESENTE se le emplaza y requiere para que notifique al:

Lcdo. Francisco J. Villarrubia
MELENDEZ PEREZ & LEDESMA
P.O. Box 19328
San Juan, PR  00910-1328
Tel: (787) 622-3939
Fax: (787) 622-3941

cuya dirección es la arriba indicada, con copia de su Contestación a la Demanda, copia
de la cual le es servida en este acto, dentro de los veinte (20) días de haber sido
diligenciado este emplazamiento, excluyéndose el día del diligenciamiento;
apercibiéndole que en caso de no hacerlo así podrá dictarse Sentencia en Rebeldía en
contra suya, concediendo el remedio solicitado en la Demanda.

EXTENDIDO BAJO MI FIRMA y el Sello del Tribunal, hoy día _____ de
_____ de 200___.

SECRETARIO

SUB-SECRETARIO





**PEERLESS**
OIL & CHEMICALS, INC.

*"Quality Fuels for Puerto Rico and the Caribbean"*
ADDRESS: FIRM DELIVERY, 671 ROAD 337, PEÑUELAS, PR 00624-7513
TELEPHONES: (787) 836-1280, ext. 229 / FAX: (787) 836-1283
E-MAIL: luis.vazquez@peerlessoil.com / VISIT US AT: www.peerlessoil.com

30 de julio de 2009

**A LA MANO**
Oficina del Comisionado de Seguros
B5 Calle Tabonuco Suite 216
PMB 356
Guaynabo, PR 00968-3029

Re:   **Tower Bonding & Surety Company, Inc.** y Hermanos Torres Pérez, Inc.
Fianzas núm.: 664-107 y 746-038
N/E: 647.00008

Estimada Oficina del Comisionado de Seguros:

Hacemos referencia a la reclamación presentada por Peerless Oil & Chemicals, Inc. ("Peerless") a la aseguradora Tower Bonding & Surety Company, Inc.( cuyo Presidente es el Sr. Aurelio Torres Escabí y localizada en Edificio Banco Popular, Oficina 1001, San Juan, Puerto Rico) el pasado 19 de agosto de 2008 para el pago de las fianzas de referencia. En aquel momento le informamos a Tower Bonding y le documentamos la deuda que hasta el presente ha aceptado Hermanos Torres Pérez, Inc., la cual al día de hoy asciende a $3,122,261.00, más intereses.

Con posterioridad a nuestra reclamación inicial, Tower Bonding determinó no acceder a nuestra reclamación y, por ende, no liberar las garantías expedidas y firmadas por Tower Bonding & Surety Company, Inc.. Peerless nuevamente le solicitó a Tower Bonding & Surety Company, Inc. el pago de las fianzas de referencia conforme a los términos de las mismas. No existe razón alguna para que Tower Bonding se libere de su obligación de satisfacer la deuda de su principal ante el requerimiento hecho por Peerless.

En el presente caso existen todos los elementos para que Tower Bonding acceda a nuestra reclamación: una reclamación formal por parte de Peerless, una deuda pendiente del asegurado de Tower Bonding para con Peerless, la deuda excede por mucho la cantidad de la fianza y la misma es líquida y exigible conforme los términos de pago entre Peerless y Hermanos Torres y conforme a la garantía que Tower Bonding expidió y firmó.



5

**PEERLESS**
OIL & CHEMICALS, INC.

RECIBIDO OFICINA
COMISIONADO DE SEGURO
2009 AUG 31 AM 10:10

*"Quality Fuels for Puerto Rico and the Caribbean"*
ADDRESS: FIRM DELIVERY, 671 ROAD 337, PEÑUELAS, PR 00624-7513
TELEPHONES: (787) 836-1280, ext. 229 / FAX: (787) 836-1283
E-MAIL: luis.vazquez@peerlessoil.com / VISIT US AT: www.peerlessoil.com

27 de agosto de 2009

**CORREO CERTIFICADO # 70051160000386391350**
Oficina del Comisionado de Seguros
B5 Calle Tabonuco Suite 216
PMB 356
Guaynabo, PR 00968-3029

Re: **Tower Bonding & Surety Company, Inc.** y Hermanos Torres Pérez, Inc.
Fianzas núm.: 664-107 y 746-038
N/E: 647.00008

Estimada Oficina del Comisionado de Seguros:

El pasado 30 de julio de 2009, Peerless Oil and Chemicals, Inc. ("Peerless") solicitó por escrito (anejo) ante su oficina, una investigación en referencia a la reclamación presentada por Peerless a la aseguradora Tower Bonding & Surety Company, Inc.

Con nuestra solicitud se le hizo entrega de todos los documentos que apoyan nuestra reclamación.

Agradeceremos nos dejen saber el estatus de tal investigación. Esperamos que esta honorable Oficina haga cumplir la responsabilidad solidaria de pago de la deuda que tiene la aseguradora.

Cordialmente,

Luis R. Vázquez Rivera, P.E.
Gerente General

Anejo

OFICINA DEL COMISIONADO DE SEGUROS

D-0019413-2009



# Guzmán & Rodríguez-López
## LAW OFFICES



*Humberto Guzmán-Rodríguez*

22 de septiembre de 2009

*VIA CORREO REGULAR y FACSÍMIL (787) 273-6082*

Honorable Ramón L. Cruz Colón
Oficina del Comisionado de Seguros
B-5 Calle Tabonuco
Suite 216, PMB 356
Guaynabo, PR 00968-3029

**Re:** **Notificación de Investigación Solicitante: -**
**Peerless Oil & Chemicals, Inc.**
**Contratos Fianza 664-107/746-038**

Estimado Comisionado Cruz Colón:

Nos dirigimos a usted en representación de nuestro cliente Tower Bonding & Surety Co, Inc. (en adelante "Tower Bonding"). Hacemos referencia a sus comunicaciones fechadas 2 y 16 de septiembre de 2009 y suscritas por los señores Juan A. Rodríguez del Valle y Juan Luis Rivera Atiles, respectivamente, en su carácter de Oficiales de Servicios al Consumidor de la Oficina del Comisionado de Seguros (en adelante "Oficina del Comisionado") y mediante las cuales se comunica a nuestro representado Tower Bonding que Peerless Oil & Chemicals, Inc. (en adelante "Peerless") interpuso un recurso investigativo y que por lo anterior la Oficina del Comisionado notificó un "Requerimiento de Información y de Producción de Documentos". Al hacer referencia a ambas comunicaciones suscritas por oficiales de su oficina notamos que en ambas reclamaciones obran las mismas solicitudes de investigación, por lo que entendemos que de alguna manera es un error que se nos haya notificado dos (2) veces la misma reclamación y que se haya asignado la misma a dos (2) oficiales de servicios al consumidor diferentes. Respetuosamente entendemos que una de las dos debe darse por no hecha.

Por otro lado, hacemos constar por la presente que Peerless interpuso un recurso en el Tribunal de Primera Instancia, Sala Superior de San Juan, por la causal de cobro de dinero en contra de nuestro representado Tower Bonding, con el número Civil Núm. K CD2009-3040 (506) (Véase anejo 1, "*Demanda*"). En síntesis, Peerless alega que solicitó a Tower Bonding el pago de las fianzas conforme a los términos que obran en ambos documentos de fianza y que Tower Bonding se ha negado a liberar las mismas. Nótese que en la Solicitud de Investigación sometida por Peerless ante esta Oficina del Comisionado se identifica como el "problema" que mueve la reclamación que el "asegurador no quiere pagar" (Véase anejo 2, "*Solicitud de Reclamación*").

PMB 700, PO Box 7891, Guaynabo PR 00970-7891 • Westernbank World Plaza, Suite 1500
268 Muñoz Rivera Ave. San Juan PR 00918-0921 • Tel. (787) 767-7502 • Fax. (787) 767-7506 • www.grllaw.net



LAW OFFICES

## JOSÉ A. CEPEDA-RODRÍGUEZ

SUITE 906, THE HATO REY CENTER
268 PONCE DE LEÓN AVENUE
HATO REY, PUERTO RICO 00918
CEPEDAPR@GMAIL.COM

TELEPHONE (787) 758-8574

TELECOPIER (787) 281-8554

M. Yanun (E-mail)

23 de septiembre de 2009

<u>A LA MANO</u>

Hon. Ramón L. Cruz Colón
Oficina del Comisionado de Seguros
B-5 Calle Tabonuco
Suite, PMB 356
Guaynabo, Puerto Rico 00968-3029

Asunto:  Solicitud de Investigación de Tower Bonding & Surety Company
Peerless Oil & Chemicals, Inc., Solicitante
Contratos de Fianza 664-107 y 746-038

Estimado señor Comisionado:

El suscribiente representa a Peerless Oil & Chemicals, Inc. ("Peerless"), la solicitante de la investigación de las actuaciones de Tower Bonding & Surety Co., Inc. ("Tower Bonding"), como ente regulado por esta Oficina en los contratos de fianza conforme a las disposiciones del Código de Seguros de Puerto Rico ("Código"). Comparecemos en esta ocasión a responder a la carta fechada el 22 de septiembre de 2009, que le dirigiera la representación legal de Tower Bonding. En la misma se solicita que la investigación permanezca en suspenso hasta tanto se dilucide una demanda presentada por Peerless contra Tower Bonding, pendiente ante el Sala Superior de San Juan del Tribunal de Primera Instancia de Puerto Rico.

Nos oponemos a tal solicitud, la misma es improcedente en derecho dada la naturaleza de ambos procedimientos y los remedios que cada uno tiene a su alcance. Como bien señala el representante de Servicio al Consumidor Juan Luis Rivera Atiles en su carta del 16 de septiembre de 2009[1], la investigación tiene como objetivo el determinar si la parte investigada ha incurrido en violación al Código y su Reglamento, y de ser ello así adjudicado, imponer las sanciones que apliquen. Por otro lado, la demanda tiene como objetivo el cobrar la cuantía de las fianzas expedidas por Tower

---

[1] Todos los documentos a que nos referimos en la presente fueron anejados a la solicitud de Tower Bonding, por lo que no los producimos como anejos aquí.