# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN THE MATTER OF:** <br><br> **HERMANOS TORRES PEREZ, INC.** <br> Debtor(s) <br><br><br> **PEERLESS OIL & CHEMICALS, INC.** <br> Movant | **CASE NO.: 09-05585** <br><br> **CHAPTER 11** |

## REPLY TO DEBTOR'S OPPOSITION TO REQUEST FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

TO THE HONORABLE COURT:

COMES NOW creditor PEERLESS OIL & CHEMICALS, INC. represented by the undersigned attorney and respectfully sets forth and prays as follows:

1. On October 6, 2009 the appearing party filed a request for the appointment of a Chapter 11 Trustee.

2. The request is mainly based on the conflict of interest that appeared between the management of Debtor, meaning its principals and shareholders, and the decisions they have to make in the administration of a reorganization plan, since principals debt with the company mainly cause their cash flow problem and; they are not willing to assume their personal responsibilities toward that same debt. Debtor's shareholders also were personal guarantors as to Debtor's debt with Peerless. In fact, an order entering default against the shareholders was notified on November 2, 2009 because of their failure to answer the collections complaint filed by Peerless against them. See Exhibit 1.

3. Debtor filed its opposition to the request on October 26, 2009. (Docket #46)

4. Debtor's response mainly emphasizes that Peerless' request for the appointment of a Chapter 11 Trustee is a retaliatory move against a request for investigation in the Department of Justice presented by Debtor, San Juan Oil and other entities to which Peerless supplies gas products. As of today, no notification has being received by Peerless Oil of any investigation in the Department of Justice. In fact, the sworn statements presented as Exhibit 1 of the Opposition, reflect no specific allegation of criminal or unlawful act by Peerless.

5. On paragraph 4 of the Opposition Debtor contends that Peerless was the sole supplier of petroleum and, that "upon filing of the petition, Peerless decided to stop selling to the Debtor". It is imperative to clarify that business between Peerless and HTP ceased on August 2008, just before the collections complaint was filed. Included as Exhibit #2 is copy of the judgment by stipulation entered on May 13, 2009 on the Case No. JDC2008-1113.

6. Debtor explains on paragraph 13 of its reply that collection efforts has commenced and included as exhibit copies of the letters sent. However, no payment plan was included as part of Exhibit 8 that shows the efficiency of the collections efforts.

7. Also, referred as payment plans with insiders the payment plan agreed with Victor G. Torres Perez. The payment plan included does not qualify the responsibility of each of the corporations involve in the transaction, neither include to what extent the proceeds from the sale of each of the properties will be applied to the debt.

8. The appointment of a Chapter 11 Trustee is precisely based on the fact that creditor Peerless Oil, due to the previous judicial encounters with Debtor, does not believe

that the management of the corporation can handle the business administration bearing in mind the best interest of the corporation, without letting out the best interests of their own business. Management of the corporation is not suitable to handle and effective reorganization process without hurting themselves and/or their family relations.

9. Assertions included in the opposition as to collections from insiders were not reflected on the monthly operating reports of July and August 2009; September is still pending to be file. If included on those reports, were not significant enough to make a difference or reflect a true progress on collections.

10. In the other hand, Debtor's clarification as to the insiders' debts with the corporation tries to deviates the fact that still huge amounts of receivables accumulated. The reference made to Edwin Gonzalez, Juan Torres and Speedway Gasoline as to non insiders entities is irrelevant since the list provided on item number 9 of Peerless' request enumerates an "excerpt of Debtor's biggest accounts receivables" pointing that aggressive collection efforts must be made, and within them are the insiders debt.

11. In addition, without any further explanation or supporting documentation, Debtor expressed that the two entries regarding the debts of Victory Star San Juan, and Jaimito Victory Pastillo must be eliminated. The deed included as exhibit 11 is for the purchase of 80% of the shares of the Corporation by Victor Torres Oliveras and Hilda Perez Sauchet. No evidence of previous loan to those insiders was presented neither was included as part of the transaction that in addition to the shares of the corporation the balance of the loan was going to be cancelled. It is important to note

that the properties exchanged to the corporation bring in their own liens from mortgages.

12. Questioned about the correctness of those accounts receivables listed, debtor's president expressed at the 341 meeting of creditors that the amounts were revised and that were correct. Two months after the 341 meeting of creditors, Debtor's acceptance that the amounts provided in its schedules as receivables are erroneous and must be erased demonstrate inaccuracy and lack of proper management in addition to absence in the accountability of the duties performed.

13. Debtor also contends that collected accounts receivables in the amount of $80,374.84. A careful examination of the monthly operating reports for July and August 2009 presented by Debtor reflects that the amounts collected were 0-30 days old, those receivables with less than 30 days old were not pre petition receivables, were the ones accumulated during the first month of the bankruptcy process.

14. Peerless' question is the reliability of the information provided by Debtor as true, correct and accountable for the purpose of the administration of the corporation and an effective reorganization process. With the errors accepted by Debtor in the opposition to the request for the appointment of the Chapter 11 Trustee and the evidence included therein as to effectiveness of the collections efforts so far, is necessary to conclude that the management does not have what it takes to lead the corporation through and effective reorganization process and is not procuring the best interests of creditors and/ or the estate.

15. In addition, debtor is mute about its president, María de los Angeles Torres Perez's compromise to pay her (or her private corporation's) debt with HTP. No other allegation was made regarding the debts collectable from insiders.

16. In the other hand, to accept that the collection of the receivables, although a factor to be considered in the reorganization process, is not and will not be the main source of income to fund the plan of the reorganization clearly reflects Debtors intention to not pursue efficient collection efforts that any compromised manager will do if the process doesn't involve collection to himself, brothers and sisters. This kind of decisions reveals the conflict of interest between the management and the debtors to the corporation that jeopardize creditors' interests.

17. In addition, up to this date, an increase in the cash sales( which in fact only reflects a $48,043.00 in ending cash balance) is not enough to pursue a confirmable plan of reorganization, most when the fact is that now Debtor needs to make all its sales in cash since has no credit available to purchase inventory. If inventory is purchased in cash, Debtor needs to pursue sales in cash in order to survive.

18. Debtor accepted that new and different judicial and administrative processes are being pursued external to the bankruptcy proceedings against debtor's principals and shareholders. The different and multiple process, some initiated by Debtor, deviates management attention toward the company's business in order to work their private responsibilities with the creditors and the surety companies.

19. Peerless reaffirms that the particularity of the corporation's composition (brothers and sisters, with affiliate companies that purchase inventory on credit to debtor, with debts accruing more than $2.5 million dollars), raise conflict of interests in the

decision making on how to collect from themselves without hurting the affiliates companies (and shareholders' private business).

20. Peerless is not alleging fraud, gross mismanagement, incompetence or dishonesty from Debtor, what is alleging is that, due to the companies composition, and the indisputable fact that the shareholders are the ones who most owe to the company; current management is not suitable to pursue the best interests of creditors in the reorganization process. And, that under 11 USC 1104(a)(2) following the best interests of creditors a Chapter 11 Trustee will outweigh the benefits for the estate than the expenses it will cost.

21. It is necessary to bear in mind that a Debtor –in- possession is a Fiduciary for the creditors and must abide by and fulfill its fiduciary duty or be replaced by a party who can act as a Fiduciary for the creditors and the estate. Under 11 USC §1107(A), a chapter 11 debtor in possession assumes essentially all of the rights and duties of trustee. This includes the trustee's primary fiduciary duty to act in the best interests of general creditors rather than insiders. See, *e.g. Commodity Futures Trading Comm'n v. Weintraub, 471 US 343,355 (1985)*("[o]ne of the painful facts of bankruptcy is that the interests of shareholders become subordinated to the interests of creditors"). *Wolf. V. Weinstein*, 372 US 633, 649(1963). In this case the appointment of a Chapter 11 Trustee will serve for the benefit of the creditors but also for the assurance of a successful reorganization of the corporation.

22. Although the appointment of a chapter 11 trustee is considered to be an "extraordinary" act, in this case, the facts that; no evidence of effective collection from insiders neither from the biggest non insiders- debtors has being provided by

Debtor; current management testimony at the 341 meeting of creditors wasn't accurate as to the correct amount of receivables and their own accounting records, and commitment of the management is questioned because of personal liability toward creditors and surety companies support Peerless request that an independent manager, in this case a Chapter 11 trustee will pursue what is best for the creditors and the reorganization process.

23. *In re Oklahoma Refining Co. (1988, CA10 Okla) 838 F2d 1133, 18 CBC2d 27,* the Court concluded that the Bankruptcy Court's appointment of trustee was supported by facts and was not in any way contrary to law, where debtor was making no serious effort to collect debt from affiliated companies and was in awkward position of having to decide whether or not to sue itself.

24. For reasons above explained, the appearing party understands that the appointment of a Chapter 11 Trustee will serve better the interests of the creditors and the estate.

WHEREFORE, it is respectfully requested from this Honorable Court that, under the provisions of 11 USC §1104(a)(2), order the appointment of a Chapter 11 Trustee to administer the operations of the business of the estate and file collection proceedings against the affiliate companies, shareholders and debtors of substantial amounts to HTP as enumerated on the schedules included in the petition.

In San Juan, Puerto Rico, this 6 day of November, 2009.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing document with the Clerk using CM/ECF system, which will send notification of such filing to Debtor(s) attorney, the US Trustee and to all CM/ECF participants.

MELENDEZ-PEREZ & LEDESMA
Attorney for PEERLESS OIL & CHEMICALS, INC.
PO Box 19328
San Juan, Puerto Rico 00910-1328
Tel: 787-622-3939/Fax: 787- 622-3941
*/s/Solymar Castillo Morales*
**Solymar Castillo Morales, Esq.**
USDC PR 218310
E-Mail: scastillo@mplplaw.com