UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 09-05585 (BKT) |
| HERMANOS TORRES PÉREZ, INC., | |
| DEBTOR. | CHAPTER 11 |

## MOTION REQUESTING ORDER FOR ADEQUATE PROTECTION OVER PROPERTY INTEREST AND/OR CASH COLLATERAL

**TO THE HONORABLE COURT:**

**COMES NOW** secured creditor MAPFRE PRAICO Insurance Company (hereinafter "MAPFRE") through the undersigned counsel and most respectfully states and prays:

### INTRODUCTION

For the reasons stated below, and pursuant to the provisions set forth in Sections 361 and 363 of the Bankruptcy Code, 11 U.S.C. §§ 361 and 363, Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 9013 of the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, MAPFRE herein requests that this Honorable Court enters an order for Debtor to pay MAPFRE an amount sufficient to protect it from loss, or in the alternative, forbidding the use of property and/or cash collateral by Debtor, or any other party on behalf of the estate, and ordering the sequestration of said cash collateral.

### FACTUAL BACKGROUND

1. On August 7, 2007, Hermanos Torres Pérez, Inc. (hereinafter, "Debtor"), and Hatillo Oil, Inc.; Victory Midway, Inc.; Lluberas Service Station, Inc.; Cuanett Corp.;

Expreso 129, Inc.; María A. Torres Pérez and Luis A. Vélez; Víctor G. Torres Pérez and Anette Fuster Padilla; Wanda A. Torres Pérez and Germán Rivera Colón; Hilda M. Torres Pérez; Víctor M. Torres Pérez II; Víctor M. Torres Pérez; Víctor Torres Oliveras; and Hilda A. Pérez Souchet (collectively hereinafter, "Indemnitors"), entered into an "Agreement of Indemnity" with MAPFRE, as surety (hereinafter, "Agreement of Indemnity") in order for MAPFRE to execute a financial guarantee bond on behalf of the Debtor. See Agreement of Indemnity, **Exhibit I.**

2. Debtor is the Principal of the Agreement of Indemnity and the persons mentioned above are individual Indemnitors.

3. The Agreement of Indemnity provides that Debtor and the Indemnitors shall exonerate, hold harmless, and indemnify MAPFRE from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, and costs of investigation, and from and against any and all other such losses and expenses which MAPFRE may sustain due to **the execution or having procured the execution of bonds.** The Agreement of Indemnity specifies that payment shall be made to MAPFRE by the Debtor **as soon as liability exists or is asserted against MAPFRE, whether or not MAPFRE has made any payment therefore.** Such payment shall be equal to whatever amount MAPFRE, in its judgment, shall deem sufficient to protect it from loss. See Agreement of Indemnity, at pages 3-4, **Exhibit I**.

4. Furthermore, the Agreement of Indemnity also provides that upon an occurrence of an **Event of Default**[1] by Debtor and to secure any and all obligations

---

[1] The meaning of the term "EVENT OF DEFAULT" is specified on page 2 of the Agreement of Indemnity.

under said Agreement, it **assigns to MAPFRE the following rights and property as collateral: "all the rights, title and interest of Principal or Indemnitors in and to all machinery, equipment, plant, tools, inventory and material which are now, or may hereafter be, utilized in connection with any Contract."** Debtor also assigns to MAPFRE as collateral: **all moneys retained and any and all moneys that may be due or hereafter become due on account of any Contract"**. See Agreement of Indemnity at page 3, **Exhibit I.**

5. In accordance with paragraph nine (9) of the Agreement of Indemnity, the same constitutes a Security Agreement and a Financing Statement for the benefit of MAPFRE and was filed in accordance with the Uniform Commercial Code (hereinafter the "UCC"), under registry number 2007051795 at the State Department of Puerto Rico. See Agreement of Indemnity at page 4, **Exhibit I.**

6. In consideration of Debtor's execution of the Agreement of Indemnity, and upon Debtor's request, on September 13, 2007, MAPFRE executed a "Financial Guarantee Bond", Bond No. 1303100701171, to guarantee the purchase of petroleum products in favor of Peerless Oil & Chemicals, Inc. (hereinafter, "Peerless" or the "Obligee"), as Obligee, in the sum of $500,000.00 (hereinafter, "Bond"). See Financial Guarantee Bond, **Exhibit II.**

7. The Bond would be in force for a term of one (1) year, beginning on August 13, 2007 and ending on August 13, 2008.

8. As part of its regular course of business, Debtor purchased from Peerless petroleum products. However, at some point, Debtor allegedly failed to pay for the purchased products.

9. On July 7, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. To this date, it has continued operating its business as debtor-in-possession under Chapter 11.

10. On August 5, 2009, Peerless filed a Complaint against MAPFRE with the Puerto Rico's Court of First Instance, San Juan Part, due to the execution of the Bond (hereinafter, "Complaint"). See copy of the Complaint captioned, <u>Peerless Oil & Chemicals, Inc. v. MAPFRE PRAICO Insurance Company</u>, Case No. KCD2009-3039 (508), **Exhibit III**.

11. In the Complaint, Peerless requested the Court to order MAPFRE to pay $500,000.00, under the Bond, plus legal interests accrued since the filing of the Complaint. Peerless also requested payment of costs and attorney's fees. The Complaint is still *sub judice*.

12. MAPFRE anticipates that it will incur attorney's fees and investigation costs in the approximate amount of $200,000.00, in connection with the case of caption, in defending from the Complaint and in collecting from Debtor and/or the Indemnitors in the event that MAPFRE is required to disburse any funds as a result thereof.

13. On July 22, 2009, Debtor filed its Schedules and Statement of Financial Affairs. See Docket No. 14. Said schedules list as property of the estate several machinery and equipment in the amount of $5,320,598.79, and accounts receivable in the amount of $4,664,806.79.

14. MAPFRE has a security interest over the machinery, equipment and accounts receivable of the Debtor. Said security interest was perfected by filing the Agreement of Indemnity as required by the UCC.

15. Pursuant to the Agreement of Indemnity, the Debtor has an obligation to indemnify MAPFRE from any loss and expenses that it will incur as a result of its defense of the Complaint and the protection of MAPFRE's rights in the case of caption. As specified in the Agreement of Indemnity, Debtor has to pay to MAPFRE an amount sufficient to protect it from the exposure that the Complaint represents to MAPFRE and from any expense and/or loss incurred or to be incurred as a result thereof.

16. It is MAPFRE's position that the machinery, equipment and accounts receivable listed by Debtor in its Schedules were assigned to MAPFRE, pursuant to the Agreement of Indemnity, in order to protect MAPFRE from any exposure, loss and expenses relating to the execution of the Bond.

17. MAPFRE does not consent to the use of its property, property interest or its cash collateral and hereby objects to the use of its property rights to the machinery, equipment and accounts receivable, unless the Debtor provides adequate protection of MAPFRE's secured interest as required by the Bankruptcy Code.

18. Due to the contingent liability and expenses related to the Complaint filed against MAPFRE due to the execution of the Bond, MAPFRE is a creditor of the Debtor and is entitled to the protection provided by Sections 361 and 363(e) of the Bankruptcy Code, 11 U.S.C. §§ 361 and 363(e).

19. Specifically, MAPFRE has an interest over any present or future funds received by the Debtor from the accounts receivable. Those funds constitute cash collateral[2] which the Debtor may not use without consent by MAPFRE or an Order from the Court.

---

[2] Section 363(a) of the Bankruptcy Code defines cash collateral as follows:

# MEMORANDUM OF LAW

Section 361 of the Bankruptcy Code, 11 U.S.C. §361, provides in part, that:

> When adequate protection is required under section ...363, of this title of an interest of an entity in property, such adequate protection may be provided by-
>
> (1) requiring the trustee to make periodic cash payments to such entity...
> (2) providing to such entity an additional or replacement lien... or
> (3) granting such other relief...as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

The concept of adequate protection is based upon two contradictory realities. One is that the use of cash collateral is essential to the success of reorganization. The other is that the use necessarily diminishes the value of the security bargained for by the creditor and the secured position ought not to be allowed to deteriorate. See <u>In re Heatron, Inc.</u>, 6 B.R. 493 (Bankr. WD Miss. 1980).

Section 361(3) gives the parties and the courts flexibility by allowing such other relief as will result in the realization by the protected entity of the value of its interest in the property involved. See <u>In re Kenny Kar Leasing, Inc.</u>, 5 B.R. 304 (Bankr. CD CA 1980).

Section 363(c)(2) of the Bankruptcy Code prohibits debtor's use of cash collateral, unless the entity that has an interest in such cash collateral consents or the

---

(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

court, after notice and hearing authorizes use of cash collateral. See 11 U.S.C. §363(c)(2). Unless such use is permitted, the debtor must segregate and account for any cash collateral in its possession. See In re Kuhn Construction Company, Inc., 11 B.R. 746 (Bankr. SD VA 1981).

In turn, Section 363(e) of the Bankruptcy Code, 11 U.S.C. §363(e), requires the Court, upon "request of an entity that has an interest in property used" to condition such use so as to provide adequate protection of such interest. Providing adequate protection is **mandatory**, see 2 Collier on Bankruptcy, Paragraph 363.06 (15th Ed.), but the precise form and sufficiency of such protection must be developed by the trustee (here debtor in possession) and addressed to the sound discretion of the Court. See 2 Collier on Bankruptcy, Paragraph 361.01 (15th Ed.).

The use of the Court's power to authorize the use of collateral during reorganization is well settled by statute, and the authority is hedged about with restrictions to insure that the use does not result in the impairment of the value of the security. See In re Heatron, Inc., 6 B.R. 493 (Bankr. WD Miss. 1980). In an ongoing business, where creditor's security is in accounts receivables and inventory, the value of the security will diminish through use, although it should be replenished as the business continues. The Court cannot allow the security to be diminished. See Id.

In In re Heatron, Inc., Id, the Bankruptcy Court for the Western District of Missouri concluded that although the value of the secured property was in excess of debt, it was incumbent upon the Court to make specific requirements upon the debtor to insure that the creditors would receive adequate protection.

## DISCUSSION

In the present case, Debtor failed to pay Peerless for the purchase of petroleum products. As a result, thereof, Peerless filed the Complaint against MAPFRE. As provided by the Agreement of Indemnity, the filing of the Complaint constitutes an "EVENT OF DEFAULT".

Due to Debtor's default, MAPFRE is exposed to disburse the sum of $500,000.00, plus interests accrued since the filing of Peerless' Complaint. MAPFRE could also be required to pay Peerless an additional sum for costs and attorney's fees. In addition, MAPFRE is incurring and will incur legal expenses and investigating costs related to the Complaint and in connection with this case.

The Agreement of Indemnity specifies that Debtor will indemnify MAPFRE from any and all claims, demands and liability for losses, costs and expenses of whatever kind or nature, including court costs, counsel fees, costs of investigation, and from and against any all other such losses and expenses which may be sustained due to the execution or having procured the execution of the Bond. Debtor has the obligation to pay MAPFRE as soon as liability exists or is asserted against it, whether or not MAPFRE has made any payment therefore.

To prevent MAPFRE from such a loss, it has a security interest on all machinery, equipment and accounts receivable of the Debtor, listed on its Schedules. MAPFRE's security lien was duly perfected and, therefore, the inventory, equipment and accounts receivable, also constitute MAPFRE's collateral and provides MAPFRE with a secured status.

Specifically, the accounts receivable constitute cash collateral for the payment of the amounts claimed in the Complaint. If the Debtor intends to use this cash collateral,

8

it must provide adequate protection to MAPFRE and must obtain its consent pursuant to Section 363(2) of the Bankruptcy Code, 11 U.S.C. §363(2). As previously stated, MAPFRE has not consented to Debtor's use of its cash collateral. MAPFRE's collateral is currently exposed to be diminished during the course of this case. Therefore, given the applicable law, this Honorable Court ought to require Debtor to insure that MAPFRE's secured interest will be adequately protected.

Pursuant to section 361(3) of the Bankruptcy Code, adequate protection may be provided by granting a relief that will result in the secured creditor's realization of the indubitable equivalent of its secured interest. Therefore, MAPFRE respectfully requests this Honorable Court for an order for Debtor to pay MAPFRE an amount sufficient to protect it from loss and expenses related to the Bond.

In the alternative, MAPFRE respectfully requests this Honorable Court to enter an Order forbidding the use of the assigned property and/or cash collateral, and ordering the sequestration of said cash collateral.

**WHEREFORE,** for the reasons stated above, MAPFRE respectfully requests this Honorable Court to enter an order for the Debtor to pay MAPFRE an amount sufficient to protect it from loss, pursuant to section 361(3) of the Bankruptcy Court. In the alternative, MAPFRE respectfully requests this Honorable Court to enter an Order forbidding the use of the assigned property and/or cash collateral by Debtor, or any other party on behalf of the estate, and ordering the sequestration of said cash collateral.

**NOTICE** is hereby given that if no written reply or opposition is filed and served within eleven (11) days from the date of service hereof, the Court may enter and Order granting the relief sought herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Jose Raul Cancio Bigas;jraulcancio@ccsllp.com, lmercado@ccsllp.com;usdc_notices@ccsllp.com; Solymar Castillo Morales,scastillo@mplplaw.com, scmorales@castillolawpr.com; Carmen D Conde Torres, notices@condelaw.com; Elias Correa Menendez, ecorrea@ccsllp.com, eliascorrea@yahoo.com; usdc_notices@ccsllp.com; Monsita Lecaroz Arribas, ustpregion21.hr.ecf@usdoj.gov;State Insurance Fund Corporation, Alejandro.Suarez@cfse.gov.pr;Alejandro A Suarez Cabrera; Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com; Us Trustee, ustpregion21.hr.ecf@usdoj.gov; Luisa S Valle Castro, notices@condelaw.com; Maraliz Vazquez Marrero, maralizvaz@gmail.com, bankruptcyjusticia.gobierno.pr@gmail.com; Yasmin Rocio Vazquez Vazquez, quiebras@bppr.com, yavazquez@bppr.com.

I FURTHER CERTIFY that on this same date I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants:

Monsita Lecaroz Arribas, Esq.
Office of the US Trustee
Ochoa Building 500 Tanca Street
Suite 301
San Juan, PR 00901

Dated: November 17, 2009.

Respectfully submitted,

FOR MAPFRE PRAICO INSURANCE COMPANY

s/Leslie Alvarado Lliteras

LESLIE ALVARADO LLITERAS
USDC-PR No. 215310

ALVARADO VIÑAS & FERNÁNDEZ, PSC
Suite 1130 - 654 Plaza
654 Ave. Muñoz Rivera
San Juan, Puerto Rico 00918
Tel. 787-641-2884
Fax 787-641-2873
e-mail: lalvarado@avfpsc.com