IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO.; 09-05585 (BKT) |
|---|---|
| HERMANOS TORRES PÉREZ, INC. | |
| Debtor | CHAPTER 11 |

**DEBTOR'S RESPONSE TO
MOTION FOR ADEQUATE PROTECTION
FILED BY MAPFRE (DOCKET 52)**

**TO THE HONORABLE COURT:**

**COMES NOW** Hermanos Torres Pérez, Inc., hereinafter the Debtor, through the undersigned attorney and very respectfully states and prays:

1. On July 17, 2009, MAPFRE PRAICO Insurance Company ("MAPFRE") filed a motion requesting adequate protection. (Docket 52)

2. The Debtor filed two motions requesting an extension of time to respond to MAPFRE's motion requesting adequate protection which were granted by this Honorable Court. (Dockets 57, 64 and 68)

3. The parties have met on several occasions in order to see if a settlement is viable and the Debtor has produced to MAPFRE a series of documents which have been requested in order to assist MAPFRE in the state court litigation related to Peerless which gives rise to MAPFRE's claim and in order for MAPFRE to consider the proposals made by the Debtor for adequate protection.

4. The Debtor has evaluated the motion filed by MAPFRE, as well as the documents related to the transaction between the Debtor and MAFRE, including but not limited to the bond and agreement of indemnity executed by the Debtor and third party indemnitors.

5. The Debtor has also examined the files at the Department of State and acknowledges that MAPFRE has duly registered its security interest in the property provided as collateral. Therefore, the Debtor acknowledges that MAPFRE has a perfected security interest.

6. MAPFRE has filed claim number 35 in the amount of $700,000.00. The same has been filed as an unliquidated and contingent claim.

7. Nevertheless, at this moment in time the amount of MAPFRE's claim is undetermined and it is not ripe for payment.

8. Upon information and belief there has not been a determination of liability against MAPFRE by the state court in the case filed by Peerless against MAPFRE. MAPFRE has not provided payment to Peerless at this time under the terms and conditions of the bond.

9. Furthermore, pursuant to the allegations of the complaint filed by Peerless, which is attached as Exhibit III to the motion for adequate protection, Peerless' claim against MAPFRE is premised on a determination made by the local courts in case number JCD2008-1113. Please refer to ¶10 of Exhibit III.

10. Peerless alleges in its complaint that it obtained a judgement by virtue of a summary judgement which was entered by the Court of First Instance in case number JCD2008-1113 and was later upheld on appeal in case KLAN2009-0794.

11. Nevertheless, Peerless erroneously states that the judgement is final and unappealable in ¶12 of Exhibit III.

12. On October 14, 2009, a motion was filed by the Debtor in case number JCD2008-1113 requesting that the judgement be set aside and staying all post judgement proceedings, including the term to appeal to the PR Supreme Court. **Exhibit 1**

13. On October 23, 2009, the state court entered an order staying all post judgement proceedings on account of the bankruptcy filing.[1] **Exhibit 2**. Debtor contends that the judgement obtained by Peerless is not final and is still subject to appeal to the PR Supreme Court.

14. The Debtor's bankruptcy petition was filed within 30 days of the entry of the judgment of the Court of Appeals. Thus, the deadline for seeking reconsideration or filing a notice of appeal to the PR Supreme Court had not expired prior to the commencement of this chapter 11 case. The bankruptcy stay under Section 362(a) of the Bankruptcy Code precluded the Debtor from filing for reconsideration or taking an appeal, as the underlying state court litigation represented a claim against the debtor. See, e.g., Constitution Bank v. Tubbs, 68 F.3d at 693-94; see generally In re Krystal Cadillac Oldsmobile GMC Truck, Inc., 142 F.3d 631 (3d Cir. 1998); In re Highway Truck Drivers & Helpers Local Union No. 107, 888 F.2d 293, 298 (3d Cir. 1989); Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448-49 (3d Cir. 1982); In re Hoffinger Industries, Inc., 329 F.3d 948, 952-54 (8th Cir. 2003); In re Capgro Leasing Associates, 169 B.R. 305 (Bankr. E.D.N.Y. 1994).

15. Therefore, the claim against MAPFRE is not on account of a final and unappealable judgement and is still subject to an appeal by the Debtor to the PR Supreme Court, This is an important factor, since the liability of the Debtor upon which MAPFRE is supposed to pay is still undetermined and contingent. The Debtor understands that the request by Peerless to MAPFRE is premature, and hence MAPFRE's request for adequate protection may be premature.

---

[1] The judgement entered by the Court of Appeals in case KLAN 2009-0794 was entered on June 30, 2009. Debtor filed for relief on July 7, 2009. Therefore the time for appeal had not elapsed at the time of the filing of Debtor's bankruptcy petition.

16. Notwithstanding the above stated and in order to avoid unnecessary litigation, the Debtor proposes to provide MAPFRE, as adequate protection, the proceeds obtained from the account receivables of its choice, or surrenders the same to MAPFRE in order for MAPFRE to collect the same and put the proceeds in an escrow account until a disbursement is made by MAPFRE to Peerless on account of the bond.

17. The account receivables or proceeds to be surrendered at this time to MAPFRE shall not exceed the amount of the claim filed.

**WHEREFORE**, the Debtor respectfully requests this Court to Order takes notice of the above stated and in the event it determines that MAPFRE is entitled to adequate protection at this time, it approves the proposed adequate protection given by the Debtor.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23rd day of December, 2009.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties listed below:

JOSE RAUL CANCIO BIGAS jraulcancio@ccsllp.com, lmercado@ccsllp.com;usdc_notices@ccsllp.com

SOLYMAR CASTILLO MORALES scastillo@mplplaw.com, scmorales@castillolawpr.com

ELIAS CORREA MENENDEZ ecorrea@ccsllp.com, eliascorrea@yahoo.com;usdc_notices@ccsllp.com

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

STATE INSURANCE FUND CORPORATION Alejandro.Suarez@cfse.gov.pr

ALEJANDRO A SUAREZ CABRERA Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com

US TRUSTEE ustpregion21.hr.ecf@usdoj.gov

MARALIZ VAZQUEZ MARRERO maralizvaz@gmail.com, bankruptcyjusticia.gobierno.pr@gmail.com

YASMIN ROCIO VAZQUEZ VAZQUEZ quiebras@bppr.com, yavazquez@bppr.com

**C. CONDE & ASSOC.**
*S/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: *condecarmen@microjuris.com*

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE PONCE

| | |
|---|---|
| PEERLESS OIL & QUEMICAL, INC. **DEMANDANTE** | CIVIL NUM.: JCD 2008-1113 |
| VS. | SOBRE: |
| HERMANOS TORRES PEREZ INC.; Et Als. **DEMANDADOS** | COBRO DE DINERO |

## MOCION SLICITANDO QUE SE DEJE SIN EFECTO SENTECIA

AL HONORABLE TRIBUNAL:

Comparecen los demandados por su representación legal que suscribe y ante este Honorable Tribunal respetuosamente EXPONE, ALEGA y SOLICITA:

1. Que en el presente caso este Honorable Tribunal dicto sentencia el día 28 de septiembre de 2009 notificada el día 2 de octubre de 2009.

2. Que el día 7 de julio del 2009 Hermanos Torres Pérez Inc. radico una petición de quiebras en el la Corte de Quiebras de los Estados Unidos, Distrito de Puerto Rico. Ver Anejo I

3. Que entendemos que dicha radicación paralizó todos los procesos en el referido caso, incluyendo el término que tendría la parte demandada para acudir al Tribunal Supremo de Puerto Rico para la revisión de la determinación del Tribunal De Apelaciones.

4. Que entendemos que al estar dicho caso paralizado y los demandantes no haber solicitado una la continuación del mismo en el Tribunal de Quiebras de los Estados Unidos, Distrito de Puerto Rico, este Honorable Tribunal esta impedido de dictar Sentencia en el mismo.

5. POR TODO LO CUAL, de este Honorable Tribunal muy respetuosamente se solicita:

A.  DECLARE CON LUGAR la presente moción

B.  Releve de los efectos de esta sentencia al la parte demandada

C.  CONCEDA cualquier otro remedio que en derecho proceda.

Respetuosamente Sometido.

**CERTIFICO:** Que con esta misma fecha he enviado copia de esta contestación al Lcdo. José A. Cepeda Rodríguez, a la siguiente dirección: Suite 906, The Hato Rey Center, 268 Avenida Ponce De León, Hato Rey, Puerto Rico, 00918 y al Lcdo. Francisco J. Villarrubia, *MELENDEZ PEREZ & LEDESMA, PSC*, P.O. Box 19328, San Juan, Puerto Rico 00910-1328.

En Mayagüez, Puerto Rico, a 14 de octubre de 2009.

JOSÉ RAFAEL RAMÍREZ RAMOS (14,810)
APARTADO 720
MAYAGÜEZ, P.R. 00681-0720
TEL: (787) 834-9200 / 832-9200
FAX: (787) 833-3760



United States Bankruptcy Court
District of Puerto Rico

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 07/07/2009 at 10:44 AM and filed on 07/07/2009.

HERMANOS TORRES PEREZ, INC.
STREET NO 1 KM 116.2
BO. CAPITANEJO
SECTOR ARUZ
JUANA DIAZ, PR 00795
Tax ID / EIN: 66-0419491



The case was filed by the debtor's attorney:

CARMEN D CONDE TORRES
254 SAN JOSE STREET
5TH FLOOR
SAN JUAN, PR 00901-1523
787-729-2900

The case was assigned case number 09-05585-11.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.prb.uscourts.gov or at the Clerk's Office, Southwestern Divisional Office, US Courthouse and Post Office Building, 93 Atocha Street, Second Floor, Ponce, PR 00730.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

CELESTINO MATTA-
MENDEZ
Clerk, U.S. Bankruptcy

https://ecf.prb.uscourts.gov/cgi-bin/NoticeOfFiling.pl?238428    7/7/2009

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| PEERLESS OIL CHEMICALS, INC.<br>DEMANDANTE<br><br>Vs.<br><br>HERMANOS TORRES PEREZ, INC.<br>Demandada | CIVIL.: J CD2008-1113<br><br>(Sala 604)<br><br>SOBRE:<br><br>**COBRO DE DINERO** |

## RESOLUCION

Examinada la moción presentada por la parte demandada el 19 de octubre de 2009 esta parte, parte indispensable en este caso, se acogió a los procedimientos de la Ley de Quiebras Federal, Caso núm. **09-05585-11** (Capítulo 11). A estos efectos, el Tribunal dicta Resolución decretando la paralización de este caso para propósito de los asuntos post-sentencia.

Expresamente reservamos jurisdicción para decretar su reapertura, a solicitud de parte interesada, en caso que dicha orden de paralización emitida por el Tribunal de Quiebra sea dejada sin efecto en cualquier momento con posterioridad a la fecha de la presente resolución y la parte interesada acuda ante este foro solicitando la continuación de los procedimientos.

En caso de que la reclamación o reclamaciones de autos queden totalmente adjudicadas en el proceso ante el foro de Quiebras y por ello quede extinto lo que aquí se predica, se considerará definitivo este dictamen, independientemente que el Tribunal de Quiebras o parte interesada lo notifique a esta Sala.

REGISTRESE Y NOTIFIQUESE:

En Ponce, Puerto Rico, a 23 de octubre de 2009.

*[firma]*
**LAURACELIS ROQUES ARROYO**
JUEZA SUPERIOR