# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.; 09-05585 (BKT) |
| HERMANOS TORRES PÉREZ, INC. | |
| Debtor | CHAPTER 11 |

## REPLY TO OPPOSITION TO MOTION REQUESTING PROTECTIVE ORDER AND/OR TO QUASH TO 2004 EXAMINATION

**TO THE HONORABLE COURT:**

**COMES NOW** Hermanos Torres Pérez, Inc., hereinafter the Debtor, through the undersigned attorney and very respectfully states and prays:

1. On March 18, 2010, Peerless Oil & Chemicals, Inc., ("Peerless") filed an opposition to Debtor's motion requesting a protective order and/or to quash the examination of the Debtor and a production of documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure sought by Peerless. (Docket 114).

2. Peerless once again bases its opposition in an erroneous legal principle: that the Debtor has lost its exclusivity rights.

3. The Debtor reaffirms its allegations in its request for a protective order. We will not rehash our prior legal arguments in support of the protective order requested. Nevertheless, we wish to clarify the misconception regarding the Debtor's exclusivity rights pursuant to the Bankruptcy Code that Peerless has raised in its opposition.

4. Peerless interprets to its convenience the order granting the extension of the exclusivity period entered by this Honorable Court on December 4, 2009 when it states in ¶4 of its opposition that the Court only granted the extension for the filing of the Disclosure Statement and Plan of Reorganization and that the same did not extend the time to solicit the

acceptances to the proposed plan. Clearly the order GRANTS the motion filed by the Debtor and it therefore grants the extension of both of the terms requested in the motion.

5. The Debtor does not have to request a second motion extending the term to solicit the acceptances to the proposed Plan, since the same was already requested in its motion.

6. Peerless also interprets to its convenience the computation of the term to solicit the acceptances to the proposed plan. It mistakenly concludes that the term has already elapsed, since the sixty days requested have already transpired.

7. Peerless' reasoning is misguided by its failure to properly read the request made by the Debtor. The Debtor clearly states in its motion for extension of both exclusivity terms that the sixty day period starts ONCE this Honorable Court approves the Disclosure Statement.

8. Obviously since the Court has not yet entered an order approving the Disclosure Statement, as amended, the sixty (60) day term has not commenced and the Debtor still holds the exclusive right to file a plan and obtain the votes to confirm the same.

9. 7-1100 Collier on Bankruptcy P 1100.09 explains that the term for obtaining the acceptances is automatically extended when the Court grants the extension of the exclusivity period in order to give the Debtor a clear opportunity to obtain confirmation before having to deal with competing plans.

10. 1-1121 Collier on Bankruptcy P 1121.04 further explains that during this extended exclusivity period **no other party in interest may file a plan**. See In re: James B. Judd, 173 BR 941 (Bkrtcy. D. Ks. 1994) which further states that when a Debtor obtains an extension of the exclusivity period to file a plan **without objection by any party in interest** such extension automatically extends the time to solicit votes.

11. Peerless did not object to the request for an extension of the exclusivity period. What it is

attempting to do with its arguments is to raise a belated opposition to the same in order to file a competing plan.

12. This Honorable Court must also take into consideration that Peerless has been a creditor that has played an active role in this case. It has tried to disrupt the reorganization process through the filing of the request for the appointment of a trustee, which was denied, the objection to the Disclosure Statement, which was also denied. Now, after the Debtor has already filed its complaint for violations of the Sherman Act, the Clayton Act and the Laws of the Commonwealth of Puerto Rico, it wants discovery in order to file a competing plan.

13. The Debtor believes that any discovery should be done within the scope of the adversary proceeding. Peerless is not just any other creditor who is unaware of the details of the industry of Debtor's business. Peerless is an admitted competitor of the Debtor. The Discovery sought is made with the intention of obtaining information to its own benefit under the guise of proposing a competing plan.

14. The Debtor has filed its Amended Disclosure Statement and Amended Plan of Reorganization and the same contain adequate information as required by the Bankruptcy Code. Clearly, to allow Peerless the opportunity to file a competing plan at this juncture will seriously erode the Debtor's ability to obtain confirmation of its plan. See In re: Gran Traverse Development Company Limited Partnership et als, 147 BR 418 (Bkrtcy. W.D. Mich. 1992).

15. Therefore, the Debtor reaffirms that the discovery request made by Peerless should be denied, since it does not have the legal right to file a competing plan at this juncture in the case. Furthermore, any discovery should be made in the adversary proceeding, through the procedures established by the Rules.

**WHEREFORE**, the Debtor very respectfully requests this Honorable Court that it denies the motion for a Rule 2004 examination of the Debtor filed by Peerless, since the Debtor holds the exclusive right to file a plan and obtain the acceptances in favor of the same.

**RESPECTFULLY SUBMITTED.**

In San Juan, PR this 26th day of March 2010.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties listed below:

LESLIE ALVARADO LLITERAS lalvarado@avfpsc.com, cmecf@avfpsc.com;kcruz@avfpsc.com

JOSE RAUL CANCIO BIGAS jraulcancio@ccsllp.com, lmercado@ccsllp.com;usdc_notices@ccsllp.com

ALEXIS FUNTES alex@fuentes-law.com

SOLYMAR CASTILLO MORALES scastillo@mplplaw.com, scmorales@castillolawpr.com

ELIAS CORREA MENENDEZ ecorrea@ccsllp.com, eliascorrea@yahoo.com;usdc_notices@ccsllp.com

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

STATE INSURANCE FUND CORPORATION Alejandro.Suarez@cfse.gov.pr

ALEJANDRO A SUAREZ CABRERA Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com

US TRUSTEE ustpregion21.hr.ecf@usdoj.gov

MARALIZ VAZQUEZ MARRERO maralizvaz@gmail.com, bankruptcyjusticia.gobierno.pr@gmail.com

YASMIN ROCIO VAZQUEZ VAZQUEZ quiebras@bppr.com, yavazquez@bppr.com

        **C. CONDE & ASSOC.**
        *S/Luisa S. Valle Castro*
        Luisa S. Valle Castro, Esq.
        USDC No. 215611
        254 San José Street, 5th Floor
        Old San Juan, Puerto Rico 00901
        Telephone: 787-729-2900
        Facsimile: 787-729-2203
        E-Mail: *condecarmen@microjuris.com*