# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

IN RE:

HERMANOS TORRES PEREZ INC

XXX-XX9491

Debtor(s)

CASE NO. 09-05585 MCF

Chapter 11

FILED & ENTERED ON 06/02/2010

## ORDER AND OPINION

### BACKGROUND

The debtor in the instant case filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 7, 2009 (Docket No. 1). On November 2, 2009, debtor filed a first request for extension of the exclusivity period, where it requested an extension of thirty (30) days to file a Disclosure Statement and a Plan of Reorganization, and a period of sixty (60) days after the entry of an Order approving the Disclosure Statement to solicit approval and secure acceptance of a Plan of Reorganization (Docket No. 47).

On November 20, 2009, debtor filed a second motion requesting extension of the exclusivity period. This time, debtor requested until January 10, 2010, to file the Disclosure Statement and Plan of Reorganization, and, likewise, an extension of sixty (60) days following the entry of an Order approving the Disclosure Statement to secure acceptance of a Plan of Reorganization (Docket No. 53).

The Court issued an Order on December 4, 2009, granting debtor's request for extension of the exclusivity period to file a chapter 11 plan until January

10, 2010 (Docket No. 63). Debtor filed its Disclosure Statement and Chapter 11 Plan of Reorganization on January 11, 2010. (Docket No. 79 and 80).[1]

Peerless Oil & Chemicals, Inc. ("Peerless"), a creditor and party in interest in the present bankruptcy proceedings, filed a motion for leave to file a competing Chapter 11 plan on April 22, 2010 (Docket No. 133). Debtor opposed Peerless' request on April 29, 2010, on the basis that debtor is still within its extended exclusivity period; thus Peerless is impeded from proposing a competing plan at this time (Docket No. 139). Debtor's position is premised on the argument that the sixty (60) day exclusivity period for debtor to solicit votes and obtain the acceptance of the Chapter 11 plan was automatically extended by the Court's December 4, 2009 Order.

Peerless filed a reply to debtor's opposition on May 10, 2010 (Docket No. 144).

## DISCUSSION

Before initiating our review, we must first recognize and take into account how the law of the case of the instant proceedings correlates with the issue at hand.

The "law of the case" doctrine "makes binding upon a court a ruling made [in] the same . . . level [of court] during prior stages of the same litigation." Lacy v. Gardino, 791 F.2d 980, 984 (1st Cir. 1986); Whitehouse v. Laroche, 277 F.3d 568, 573 (1st Cir. 2002). "The law of the case doctrine is a prudential principle that 'precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided.'" Field v. Mans, 157 F.3d 35, 40 (1st Cir. 1998)(quoting Cohen v. Brown Univ., 101 F.3d 155, 167 (1st Cir. 1996)). Once an order is final, and the same has not been appealed, it becomes the law of the case. First Am. Title Ins. Co. v. Pifalo (In re Pifalo), 379 B.R. 1, 4 (B.A.P. 1st Cir. 2007).

---

[1] Given that January 10, 2010 fell on a Sunday, and in accordance with Fed. R. Bank. P. 9006(a), debtor timely filed its extended Chapter 11 Plan of Reorganization on January 11, 2010 (Docket No. 79 and 80).

In the case at bar, debtor filed a first request for extension of both the filing and acceptance exclusivity periods on November 2, 2009, that is, one hundred and eighteen (118) days after the order of relief (Docket No. 47). Before the Court had an opportunity to rule upon debtor's request, and during the extended term proposed by debtor, on November 20, 2009, debtor filed a second motion requesting, again, the extension of both the filing and acceptance exclusivity periods (Docket No. 53).

This Court issued an Order on December 4, 2009, which determined that "[d]ebtor(s)' request for extension of the exclusivity period for filing a chapter 11 plan...is hereby granted, until January 10, 2010." (Docket No. 63) (emphasis added). Debtor did not request reconsideration, nor appealed, the Court's December 4, 2009 mandate.

Given the above-delineated background, there is no question that the Court's December 4, 2009 ruling to extend the exclusivity period to file a Chapter 11 plan became the law of the case. Therefore, it is undisputed that the Court only conceded the extension of the exclusivity period to file the Chapter 11 plan, and not the exclusivity period to accept the plan.

Notwithstanding the above, debtor argues at its opposition to Peerless' request for leave to file a competing plan that the Court's order extending the exclusivity period to file the Chapter 11 plan had, as a matter of law, the immediate and automatic effect of extending the exclusivity period to accept the Chapter 11 plan (Docket No. 139). Debtor's argument is a novel one and a matter of first impression before this Court.

As such, the main controversy before this Court becomes the following: was debtor's exclusivity period to accept the plan automatically extended by virtue of the Court's extension of debtor's exclusivity period to file a Chapter 11 plan?

In order to consider this issue, we must first analyze how the exclusivity period, and its extensions thereof, operate under the Bankruptcy Code. We begin our review by considering the contents of section 1121.

Section 1121 states at its pertinent parts:

(a) The debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case.

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if--
   (1) a trustee has been appointed under this chapter;
   (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
   (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

11 U.S.C. § 1121(a)-(c).

Sections 1121(b) and (c) of the Bankruptcy Code contains what is commonly referred to as the "exclusivity period" provisions in a Chapter 11 context. These sections codify those periods of time in which the debtor, and only the debtor, may file a Chapter 11 plan and/or solicit acceptance of the Chapter 11 plan. Creditors and other parties in interest are barred from filing a competing plan during this time.

Section 1121(c) separates the exclusivity periods in two separate categories. The first is a 120-day period to file a Chapter 11 plan (the "filing period"), and the second is a 180-day period for accepting the Chapter 11 plan (the "acceptance period"). Both of these periods commence after the order for relief has been entered and they both run concurrently. In re Gibson & Cushman Dredging Corp., 101 B.R 405, 407 (E.D.N.Y. 1989). From a practical standpoint, both of these exclusivity periods operate in the following fashion: debtor is allotted 120 days after the order of relief to file a Chapter 11 plan, and,

subsequently, debtor shall have an additional 60 days to get said plan confirmed (120 + 60 = 180 days).

Section 1121(c) lists the three instances in which debtor's exclusivity period will conclude. These instances are: (1) the appointment of a Chapter 11 trustee, (2) should debtor not file a Chapter 11 plan within the 120 day filing period, or (3) should debtor not be able to accept a timely filed Chapter 11 plan within the 180 day acceptance period.

The three events listed at section 1121(c) are in the disjunctive. Therefore, "[o]nce one of these instances occurs, the debtor's exclusive right to file a plan ends, and competing plans are fai[r] game." In re Grant Family Farms, Inc., 2007 Bankr. LEXIS 2779 (Bankr. D.Co. 2007).

Section 1121(d) provides debtor the opportunity to move the Court for an extension of the exclusivity periods to file and/or to accept a Chapter 11 plan. This section provides:

> (d) (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period for the 180-day period referred to in this section.
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.
> (2) the time the case is closed or dismissed.

11 U.S.C. § 1121(d).

Pursuant to section 1121(d), a debtor may extend the 120-day filing period, as well as may extend the 180-day acceptance period, should debtor meet the following requirements:

1. The request must be timely:

    a. For an extension of the filing period, the same must be made within 120 days after the order of relief;

    b. For an extension of the acceptance period, the same must be made within 180 days after the order of relief;

2. The requested extension may not be:
   a. Greater than 18 months after the order of relief for extensions of the filing exclusivity period;
   b. Greater than 20 months after the order of relief for extensions of the acceptance exclusivity period
3. Debtor must show the existence of cause for the extension; and
4. Notice and hearing must be afforded to all parties in interest.

Even though section 1121 lists the filing period as being separate and distinct from the acceptance period, some courts have applied the extension provisions of section 1121(d) in very different ways. In this regard, "[t]here is disagreement among the bankruptcy courts on the question of whether the exclusive period for obtaining acceptances is automatically extended whenever the exclusive period for filing a plan is extended." 7-1121 Collier on Bankruptcy P 1121.04.

The cases of In re Barker Estates, Inc., 14 B.R. 683 (Bankr. W.D.N.Y. 1981) and In re Trainer's, Inc., 17 B.R. 246 (Bankr. E.D. Pa. 1982) have found that the filing period and the acceptance period are mutually exclusive, and that the extension of the filing period does not automatically extend the 180 day acceptance period. On the other hand, cases such as In re Ravenna Industries, Inc., 20 B.R. 886 (Bankr. N.D. Ohio 1982) and In re Judd, 173 B.R. 941 (Bankr. D. Kan. 1994) have held that "where a debtor asks for an extension of the 120-day period and an extension is granted without objection by any party in interest, then the extension automatically operates to extend the 180-day period as well." Ravenna Industries, 20 B.R. at 891.

The case of In re United Press International, Inc., 60 B.R. 265 (Bankr. D.C. 1986), however, presents an interesting approach with regards to the extension of the exclusivity periods:

> Sections 1121(c)(2) and (c)(3) relate to two different acts, within two consecutive time periods. But unless and until the first act takes place, the second act -- and its time period -- simply do not yet come into play. Logically, a plan cannot be accepted until it

> has been filed; hence, § 1121(c)(3) does not become operative until a plan has been filed. Therefore, however many times and for whatever periods extensions are granted for the carrying out of the first act, the time limit for carrying out the second act has no applicability until the first act -- the filing of the debtor's plan -- has actually taken place. At that point, the time period for accomplishing the second act becomes relevant again, and at or before that point the debtor must request an extension for completion of the second act -- obtaining acceptances of the plan that has been filed.

Id. at 269 (emphasis added).

Given the lack of uniformity among the bankruptcy courts as to the extension provisions of section 1121(d), and in order for this Court to properly evaluate debtor's position on whether the acceptance period should be automatically extended when the filing exclusivity period has been extended, we must turn to the intent and history surrounding section 1121 of the Bankruptcy Code.

Prior to the enactment of section 1121 as part of the Bankruptcy Reform Act of 1978, the debtor enjoyed the sole right to propose a plan of reorganization throughout the bankruptcy proceedings of a chapter XI case (which later became the Chapter 11 of our current Bankruptcy Code). Gibson, 101 B.R. at 409. This exclusive right gave debtors an "undue bargaining leverage, because by delay he can force a settlement out of otherwise unwilling creditors...The debtor is in full control, often to the unfair disadvantage of creditors." Report of the Committee on the Judiciary, House of Representatives, to accompany H.R.8200, H.R. Rep. No. 95-595, 95th Cong., 1st Sess., pp. 231-232 (1977); In re Public Serv. Co. of New Hampshire, 88 B.R. 521, 534-535 (Bankr. D.N.H. 1988).

Section 1121, including its provisions for debtor's exclusivity period and its extensions thereafter, was enacted by Congress as a means to balance debtor's exclusive right to propose a plan while recognizing the stake of the creditors in debtor's business.

> Proposed chapter 11 recognizes the need for the debtor to remain in control to some degree, or else debtors will avoid the reorganization provisions in the bill until it would be too late for them to be an effective remedy. At the same time, the bill recognizes the legitimate interests of creditors, whose money is in

> the enterprise as much as the debtor's, to have a say in the future
> of the company.

Report of the Committee on the Judiciary, House of Representatives, pp. 231-232; Public Serv. Co., 88 B.R. at 534-535.

"The goal reflected in 11 U.S.C. § 1121, in allowing other interested parties to file a plan of reorganization after the expiration of the debtor's exclusivity period, was predicated on the theory that there should be a relative balance of negotiating strength between debtors and creditors during the reorganization process." In re Texaco, Inc., 76 B.R. 322, 325 (Bankr. S.D.N.Y. 1987). By way of section 1121, Congress intentionally created an ongoing tension between the debtor and its creditors "which will hopefully lead to [an] appropriate administration of and a successful conclusion to the Chapter 11 case." In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. Minn. 1983).

It is uncontested that debtor requested on two separate occasions for the extension of both the filing and acceptance exclusivity periods. Despite debtor's requests, the Court solely, and exclusively, conceded the extension of the 120-day filing exclusivity period at its December 4, 2009 ruling. Based on this, and as above discussed, the law of the case in the instant proceedings is clear, whereby debtor's 120-day filing period, and only debtor's 120-day filing period, was extended until January 11, 2010.

In view of the facts herein discussed, and in consideration of the legal analysis above-exposed, the Court is persuaded to apply the standard adopted in the cases of In re Barker Estates, Inc., 14 B.R. 683, and In re Trainer's, Inc., 17 B.R. 246, with regards to the issue on whether the exclusivity period to accept a Chapter 11 plan should be automatically extended whenever the filing exclusivity period has been extended under section 1121(d).

As such, it is the Court's position that the filing exclusivity period and the acceptance exclusivity period are, indeed, mutually exclusive between each other. This is made apparent by the clear language of sections 1121(c) and 1121(d) (which separates the filing period from the acceptance period to the

extent that the Bankruptcy Code gives each one a different deadline) as well as by debtor's own actions where, on two different and distinct motions, it separated the request for extension of the exclusivity period to file a Chapter 11 plan from the request for extension of the exclusivity period to solicit votes and accept the plan (Dockets No. 47 and 53).

It is this Court's position that the extension of the 120-day filing period does not automatically extend the 180-day acceptance period. We believe that this interpretation is more in tune with Congress' intent of promoting a healthy tension between the debtor-in-possession and the creditors during the Chapter 11 bankruptcy administration. Furthermore, this application coincides with the Court's December 4, 2009 decision. In this regard, "it has been held that courts considering extensions of the exclusivity period must 'avoid reinstituting the imbalance between the debtors and its creditors that characterized proceedings' under prior law." Gibson, 101 B.R. at 409 (quoting In re Timbers of Inwood Forest Associates, Ltd., 808 F.2d 363, 372 (5th Cir. 1987), aff'd en banc, 484 U.S. 365, 98 L. Ed. 2d 740, 108 S. Ct. 626 (1988)).

Debtor's original exclusivity period to file a Chapter 11 plan in the instant case was due on November 4, 2009, and the original exclusivity period to accept the Chapter 11 plan was due on January 4, 2010. By virtue of this Court's December 4, 2009 Order, the exclusivity period to file the Chapter 11 plan was extended until January 11, 2010. However, the exclusivity period deadline to obtain acceptances for the plan remained the same, that is, until January 4, 2010. According to the case record, debtor did not request any additional time to extend either the filing and/or acceptance exclusivity periods.

Based on the law of the case, both the filing exclusivity period and the acceptance exclusivity period elapsed on January 11 and January 4, 2010, respectively. Therefore, any creditor or party in interest would have been able to file a competing plan since January 12, 2010.

Debtor has been operating under the presumption that its request for extension of the 180-day acceptance period was tacitly and/or automatically approved by this Court at the December 4, 2009 Order. As such, according to debtor's calculations, the extended acceptance period would have been for a period of sixty (60) days following the entry of an Order approving the Disclosure Statement (Docket No. 53). Given that the Disclosure Statement was not approved until April 20, 2010, debtor was under the impression that the extended exclusivity period for accepting the Chapter 11 plan (had it been approved by the Court) would have concluded on June 21, 2010.

Pursuant to the facts at bar, and the memorandum herein portrayed, we can observe that the filing period concluded on January 11, 2010, and that the acceptance period concluded on January 4, 2010. Wherefore, debtor is not currently enjoined by any exclusivity provisions with which to bar any party in interest from filing a competing plan at this time.[2]

### ORDER

**WHEREFORE IT IS ORDERED** that Peerless' motion for leave to file a competing plan (Docket No. 133) shall be, and hereby is, GRANTED.

SO ORDERED.

Ponce, Puerto Rico, this 2nd day of June, 2010.

*Mildred Cabán*

MILDRED CABAN FLORES
U.S. Bankruptcy Judge

c: DEBTOR
CARMEN D CONDE TORRES

---

[2] Before concluding with this matter, the Court finds it necessary to address an ancillary issue raised by debtor at its objection to Peerless' motion for leave to file a competing plan. The issue in question revolves around debtor's argument that "Peerless is now trying to promote a competing plan to its own benefit, since the confirmation of the same would obviously have the effect of dismissing the [$15 million Complaint that has been] filed by the Debtor [against Peerless]". Docket No. 139 at p. 4.

The foregoing issue is not ripe for determination, thus the Court will not delve at this time into debtor's speculation on whether Peerless will contemplate, as part of the provisions of its competing plan, the dismissal of the Adversary Proceeding filed by debtor against Peerless.