## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

HERMANOS TORRES PEREZ, INC.    CASE NO. 09-05585 (BKT)

　　　　　Debtor    CHAPTER 11

## URGENT MOTION FOR APPOINTMENT OF EXAMINER

**TO THE HONORABLE COURT:**

Comes now Peerless Oil & Chemicals, Inc., a creditor and party in interest in the captioned case, through its undersigned counsel and very respectfully states and prays:

### FACTUAL BACKGROUND

1.  Debtor filed the captioned case on July 7, 2009.

2.  In its schedules, Debtor listed the following realties:

    a.  Lot No. 4686 located at Yauco was listed with a value of $110,000.00 and a secured claim that "exceeds value".

    b.  Lot No. 2890 located at Juana Diaz was listed with a value of $700,000.00 and a secured claim that "exceeds value".

    c.  Lot No. 32102 located at Sabana Llanas was listed with a value of $2,500,000.00 and a secured claim that "exceeds value".

    d.  Lot No. 7376 located at Juana Diaz was listed with a value of $175,000.00 and a secured claim that "exceeds value".

    e.  Lot No. 7375 located at Juana Diaz was listed with a value of $150,000.00 and a secured claim that "exceeds value".

      f.      Lot No. 5171 located at Juana Diaz was listed with a value of $1,800,000.00 and a secured claim that "exceeds value".

      g.      Lot No. 23345 located at Hatillo was listed with a value of $3,665,000.00 and a secured claim of $1,611,010.35.

3.      In addition to the aforementioned realties, the other main asset listed by Debtor in its schedules was the account receivables listed at $4,664,806.79.

## PREVIOUS ALLEGATIONS OF DISHONESTY AND/OR MISMANAGEMENT THAT ARE UNDISPUTED

4.      Debtor's interim financial statement of the year 2008, which was initially submitted by Debtor in its initial disclosure statement (see Exhibit 1 to Debtor's Disclosure Statement filed on January 11, 2010, Docket No. 79), stated that during the year 2008 the company had a net income of $448,233.  However, in its First Amended Disclosure Statement, Debtor included the audited financial statement for the same year (See Exhibit 1 of Docket No. 106), and it reveals that the company in reality had a **net loss of $187,496**.  That is a negative difference of **$635,729** between Debtor's numbers and the audited numbers.  No explanation for the aforementioned error had been given.

5.      This Court specifically ordered Debtor to amend its First Amended Disclosure Statement and explain the discount given to the collection of insiders' receivables, the collection efforts made upon said insiders, and the estimated period of collection.  A cursory review of Debtor's Second Amended Disclosure Statement shows that Debtor attempted to explain the discount given to the insiders' receivables by alleging that "[t]he aging of account receivables that is attached to the Schedules contains entries related to funds that were provided to the insiders in order to purchase,

build and/or make improvements to the Victory Star SJ and Jaimito Victory Pastillo gas stations. These gas stations were later transferred to the Debtor, and are currently being leased by the Debtor. Therefore, the properties have been vested to the Debtor and the amounts are not owed. Attached as Exhibit 5 is copy of deed number 2 dated January 12, 2004, executed before Notary Jose Rafael Ramirez-Ramos, which details the transfer of the real estate to the Debtor." However, the deed included as Exhibit 5 of the Second Amended Disclosure Statement clearly shows that the transaction was an exchange of real estate for common shares of the Debtor. As such, the receivables were not paid through the aforementioned exchange; the only thing that the insiders paid was the shares that they received through the exchange. The aforementioned was raised by Peerless at Docket No. 143 and Debtor has not been able to refute it.

6.     Regarding the reduced amount of insiders' receivables that Debtor included in its Second Amended Disclosure Statement, Debtor only statement as to the collection efforts being made was limited to the sworn statement submitted by Mr. Victor Torres Perez as Exhibit 4 thereof, and a proffer that a sale of one of his realty will be made within the first year of the plan. However, there is no mention of what amount, if any, Mr. Victor Torres Perez is paying the Debtor; and no mention whatsoever is made of the collection efforts made to the other insiders that owe money to the Debtor. Again, Peerless has raised this issue at Docket No. 143 and to date this is an undisputed fact.

7.     Regarding the receivables of non-insiders, Debtor did not comply with this Court order insofar as it did not explain the reasons why each of them was being discounted. Debtor merely included a filtered list of the receivables that it deemed to be collectable, but failed to explain which receivable was eliminated or discounted and the reasons for such action. This Court also ordered Debtor to disclose any collection action

that the Debtor may have.  Debtor alleged in its Second Disclosure Statement that it has commenced collection efforts in all its receivables.  See Page 11 of Debtor's Second Amended Disclosure Statement.  However, to date there is no mention of said collection actions.  Debtor needs to explain each of the collection actions that it has commenced and the probability of collecting said receivables.

8.      As explained further in this motion, there are several avoidance actions that Debtor has a fiduciary duty to commence.  However, Debtor stated in its Second Disclosure Statement that "[a]s of this date, the Debtor does not expect to file any avoidance action".  See Page 17 of Debtor's Second Amended Disclosure Statement.

9.      In its Second Disclosure Statement, Debtor included the appraisals of two of its realties, i.e. Lot No. 7375 and Lot No. 7376.  See Page 9 of Debtor's Second Amended Disclosure Statement and Exhibits A and B thereto.  A cursory review of the appraisals compared to their scheduled amounts as listed in Debtor's schedules and its liquidation analysis shows that said properties were appraised at $1,115,000.00 and $1,130,000.00 respectively, but Debtor listed them in its schedules and its liquidation analysis at $150,000.00 and $175,000.00.  That is a difference of **$965,000.00** and **$955,000.00**.  No explanation whatsoever has been given as to the enormous discount given to these realties.

### NEWLY DISCOVERED EVIDENCE OF FRAUD AND DISHONESTY

10.      Upon further analysis of the exhibit included by Debtor in its Second Disclosure Statement as the receivables that it deemed collectable, it shows the following.  First, the receivables of the insiders (except the ones that were incorrectly erased by Debtor as aforementioned) have grown since the petition.  Particular attention should be given to over $80,000.00 of new receivables that Super Victor Mayaguez has

accrued since the petition date. Said gas station is owned by one of Debtor's major shareholders. Also, one particular receivable, i.e. Speedway Gasoline, has supposedly decreased since the filing date by more than $220,000.00. Said decrease cannot be from payments received since Debtor has not received such high amount of payments according to its monthly operating reports. No explanation is given as to the decrease and/or discount given by Debtor to this receivable.

11.     Enclosed herein as **Exhibit A** to this Motion is the title study of Lot No. 2890 located at Juana Diaz which was listed in Debtor's schedules with a value of $700,000.00 and a secured claim that "exceeds value". However, the attached title study shows that a mortgage was executed with Banco Popular on June 11, 2009, less then a month before the filing date of the captioned petition. No action has been taken by Debtor and as disclosed in its Second Amended Disclosure Statement, it does not intend to try to avoid this mortgage.

12.     Enclosed herein as **Exhibit B** to this Motion is the title study of Lot No. 7376 located at Juana Diaz was listed with a value of $175,000.00 and a secured claim that "exceeds value". However, the attached title study shows that a mortgage was executed with Banco Popular on June 11, 2009, less then a month before the filing date of the captioned petition. No action has been taken by Debtor and as disclosed in its Second Amended Disclosure Statement, it does not intend to try to avoid this mortgage.

13.     Enclosed herein as **Exhibit C** to this Motion is the title study of Lot No. 7375 located at Juana Diaz was listed with a value of $150,000.00 and a secured claim that "exceeds value". However, the attached title study shows that a mortgage was executed with Banco Popular on June 11, 2009, less then a month before the filing date

of the captioned petition.  No action has been taken by Debtor and as disclosed in its Second Amended Disclosure Statement, it does not intend to try to avoid this mortgage.

14.    Enclosed herein as **Exhibit D** to this Motion is the title study of Lot No. 5171 located at Juana Diaz was listed with a value of $1,800,000.00 and a secured claim that "exceeds value".  However, the attached title study shows that a mortgage was executed with Banco Popular on June 11, 2009, less then a month before the filing date of the captioned petition.  No action has been taken by Debtor and as disclosed in its Second Amended Disclosure Statement, it does not intend to try to avoid this mortgage.

15.    Enclosed herein as **Exhibit E** to this Motion is the title study of Lot No. 23345 located at Hatillo was listed with a value of $3,665,000.00 and a secured claim of $1,611,010.35.  However, the attached title study shows that a mortgage was executed with Banco Popular on June 11, 2009, less then a month before the filing date of the captioned petition.  No action has been taken by Debtor and as disclosed in its Second Amended Disclosure Statement, it does not intend to try to avoid this mortgage.

16.    Enclosed herein as **Exhibit F** to this Motion is the title study of Lot No. 32102 located at Sabana Llanas was listed with a value of $2,500,000.00 and a secured claim that "exceeds value".  Even tough there are no mortgages within the 90 prior to the filing date; the title study of this property shows the most disturbing fact.  As aforementioned, Debtor became the owners of several realties that were exchanged with its shareholders for the shares of the company.  One of said realties was the instant property.  However, the enclosed title study shows that while the deed evidencing the transfer occurred on January 12, 2004, it was not presented at the Registry until June 10, 2009.  The worst part is that apparently, Debtor's shareholders, who are the former owners of the property, executed mortgages under their name on August 23, 2006 and

August 30, 2007 for the sums of $628,000.00 and $194,400.00 respectively.   Said

mortgages were executed by the shareholders as alleged owners of the real estate even

tough the property had been previously transferred to the Debtor.   In fact, the real estate

is currently under the shareholders' name in what appears to be a fatal defect for lack of

tract to register the realty under Debtor's name.   All this mortgages were executed in

fraud by Debtor's shareholders.

17.     Lastly, Debtor alleges that one of its insiders, Mr. Victor Torres Perez, who

also owes the most monies to the Debtor, is going to pay its debt through the sale of one

of his realty within the first year of the plan.   However, included herein as **Exhibit G** of

this Motion is copy of the order issued by the Superior Court of Ponce which specifically

prohibits the sale of the property named by Mr. Torres Perez in its sworn statement.

(See item #11 at Page 2 of **Exhibit G**, which is the same realty of the one named by Mr.

Torres Perez in his sworn statement).    Again, another example of Debtor's principals'

modus operandi of playing fast and loose with the laws and orders of the Court.

## APPLICABLE LAW

18.     Section 1104 (c) of the Bankruptcy Code states in its pertinent part that:

> "If the court does not order the appointment of a trustee under this
> section, then at any time before the confirmation of a plan, on
> request of a party in interest or the United States trustee, and after
> notice and a hearing, the court shall order the appointment of an
> examiner to conduct such an investigation of the debtor as is
> appropriate, including an investigation of any allegations of fraud,
> dishonesty, incompetence, misconduct, mismanagement, or
> irregularity in the management of the affairs of the debtor of or by
> current or former management of the debtor, if –
>> (1)   such appointment is in the interests of creditors, any
>>       equity security interests of the estate; or
>> (2)   the debtor's fixed, liquidated, unsecured debts, other
>>       than debts for goods, service, or taxes, or owing to an
>>       insider, exceed $5,000,000."

19.      The fact is that Debtor's one sided estimate of the value of their assets has to be questioned given Debtor's previous conduct. Debtor's previous fraudulent acts, dubious acts, and its complete disregard for the law and its fiduciary duties warrant a thorough investigation.

20.      In fact, Debtor's disclosure statement cannot be approved until a reliable source can investigate and certify the real value of Debtor's assets in order for creditors to have an accurate liquidation analysis.  As such, even tough Peerless will file a competing plan, there has to be a reliable disclosure statement for creditors to submit an intelligent vote as to any plan that is to be filed.

21.      As this Court can ascertain from the above, there is more than enough evidence to justify the appointment of an Examiner under Section 1104 (c) of the Bankruptcy Code.

22.      At the very least the Examiner's duties should include to examine Debtor's books and records, scrutinize its operations, determine the value of Debtor's assets, certify collectivity of Debtor's receivables, recommend avoidance actions, correct Debtor's proposed disclosure statement and determine if a criminal referral is warranted.

23.      Even tough the Examiner's fees should be paid by Debtor, Peerless is willing to pay and/or guarantee the Examiner's fees if this Court so orders.

24.      As provided for in Local Bankruptcy Rule 9013(f)(1)(A), Debtor has carefully examined the matters set forth herein and has concluded that there is a true need for the disposition of the matter referred to above on an expedited basis.

WHEREFORE, the appearing party prays that this Court enters an order appointing an Examiner to examine Debtor's books and records, scrutinize its

operations, determine the value of Debtor's assets, certify collectivity of Debtor's receivables, recommend avoidance actions, correct Debtor's proposed disclosure statement and determine if a criminal referral is warranted.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/ECF.

San Juan, Puerto Rico this 7th day of June, 2010.

s/ ALEXIS FUENTES-HERNANDEZ
**Alexis Fuentes-Hernández**
**USDC-PR 217201**
**Fuentes Law Offices**
**P.O. Box 9022726**
**San Juan, PR  00902-2726**
**Tels. (787) 722-5216**
**Fax.  (787) 722-5206**
**E-Mail: alex@fuentes-law.com**

ESTUDIOS DE TITULO

CASO: HERMANOS TORRES PEREZ INC.
RE: N/E: 647.00008 / Miguel López Miner/Ledesma, Vargas & Villarrubia

FINCA: #2890, inscrita al folio 241 del tomo 59 de Juana Díaz, inscripción 1ra. (Sección I de Ponce).

DESCRIPCIÓN:

RUSTICA: Trozo de terreno propio para la siembra de cañas, radicado en el Barrio Capianejo, lugar de Arus, termino municipal de Juana Díaz, con cabida de 10.00 cuerdas, equivalentes a 3 hectáreas, 93 áreas, 4 centiáreas, o sea 9 acres, 71 centiáreas, en lindes por el NORTE, con terrenos de la Hacienda Potala; por el ESTE, con terrenos hoy de la Sucesión de Leopoldo Colón, antes don Miguel Rosich; por el SUR, con la carretera que de Ponce conduce a Guayama y por el OESTE, con terrenos de la finca San Fernando.

ORIGEN: Se segrega de la finca #135, inscrita al folio 237 vto. del tomo 51 de Juana Díaz.

PROPIETARIO REGISTRAL: HERMANOS TORRES PEREZ INC., quien adquiere por permuta efectuada con los esposos Víctor Torres Oliveras e Hilda Pérez Souchet, a cambio de acciones valoradas en $450,000.00. Según escritura # 2, otorgada en Juana Díaz, el 12 de enero de 2004, ante José Rafael Ramírez Ramos, inscrita al folio 19 del tomo 518 de Juana Díaz, inscripción 16.

CARGAS Y GRAVAMENES:

Por su procedencia:

LIBRE.

Por sí:

1-HIPOTECA: Por $200,000.00, con intereses al 2% sobre la tasa de interés preferencial, en garantía de un pagaré a favor del Banco Financiero de Puerto Rico, vencedero a la presentación. Según escritura #26, otorgada en Juana Díaz, el 2 de febrero de 1988, ante Rene F. Sotomayor Santos, inscrita al folio 237 vto. del tomo 157 de Juana Díaz, inscripción 8va.

MODIFICACION DE HIPOTECA: Modificada la hipoteca de la inscripción 8va, en cuanto a lo siguiente: se extiende el término de caducidad del pagaré y de la hipoteca a un término adicional de 14 años a partir del 2 de febrero de 2008 o sea a vencer el 2 de febrero de 2022. Según escritura #274 (no expresa lugar de otorgamiento) el 10 de julio de 2000, ante Lourdes Alicea Soto, inscrita al folio 82 del tomo 489 de Juana Díaz, inscripción 11ma.

MODIFICACION DE HIPOTECA: Modificada la hipoteca de la inscripción 8va., en cuanto a lo siguiente: se extiende el término de caducidad del pagaré de la hipoteca a un término adicional de 16 años, a partir del 2 de febrero de 2008, o sea vencer el 2 de febrero de 2024. Según escritura #376 otorgada en Ponce el 17 de octubre de 2003 ante Lourdes Alicea Soto, inscrita al folio 82 del tomo 489 de Juana Díaz, inscripción 12a.

2-HIPOTECA: Por $250,000.00, con intereses al 10% anual, en garantía de un pagaré a favor del Portador, vencedero a la presentación. Según escritura #69, otorgada en San Juan, el 12 de junio de 2002, ante Manuel I. Vallecillo, inscrita la folio 265 del tomo 429 de Juan Díaz, inscripción 10ma.

3- HIPOTECA: Por $265,000.00, con intereses al 2% sobre la tasa de interés preferencial, en garantía de un pagaré a favor de Westernbank Puerto Rico, vencedero a la presentación. Según escritura #379, otorgada en Ponce, el 17 de octubre de 2003, ante Lourdes Alicea Soto, inscrita la folio 82 vto. del tomo 489 de Juan Díaz, inscripción 13a.

4- HIPOTECA: Por $432,000.00, sobre ésta y otras fincas, respondiendo ésta de $69,120.00, con intereses al tipo preferencial, en garantía de un pagaré a favor del Banco Popular de Puerto Rico, vencedero el 30 de agosto de 2032. Según escritura #199, otorgada en Manatí, el 30 de agosto de 2007, ante José Luis Báez Rivera, aclarada por la escritura #48 otorgada (no expresa lugar de

Página: #2
Finca #2890 de Juana Díaz.

otorgamiento) el 3 de diciembre de 2007, inscrita la folio 221 del tomo 489 de Juan Díaz, inscripción 14a.

5- HIPOTECA: Por $150,000.00, sobre ésta y otra finca, respondiendo ésta de $75,000.00, con intereses al tipo preferencial, en garantía de un pagaré a favor de Banco Popular de Puerto Rico, vencedero el 30 de agosto de 2032. Según escritura #200, otorgada en Manatí, el 30 de agosto de 2007, ante José Luis Báez Rivera, aclarada por la escritura #47 (no expresa lugar de otorgamiento) el 3 de diciembre de 2007 ante Luis Fernando Piñeiro Enríquez, inscrita la folio 19 del tomo 518 de Juana Díaz, inscripción 15a.

6- HIPOTECA: Por $144,120.00, con intereses al 12% anual, en garantía de un pagaré a favor de Banco Popular de Puerto Rico, vencedero a la presentación. Según escritura #7, otorgada en San Juan, el 11 de junio de 2009, ante Manuel E. Del Valle Rexach, inscrita la folio 19 vto. del tomo 518 de Juana Díaz, inscripción 17ma. y última.

REVISADOS: Embargos por Contribuciones, Embargos Federales, Sentencias y Bitácora Electrónica.

En esta Sección se ha establecido un sistema computadorizado de operaciones. Esta Corporación no se hace responsable por errores u omisiones en la entrada de datos en el sistema de computadora.

San Juan Puerto Rico, a 8 de marzo de 2010.

**JGI TITLE SERVICE, INC.**
JGITS/jcr
**#49110**
Cotejado por :
2890p1j.doc
F-mr

ESTUDIO DE TITULO

CASO : HERMANOS TORRES PEREZ INC.
RE: N/E: 647.00008 /Miguel López Miner/ Ledesma, Vargas & Villarrubia

FINCA: # 7376, inscrita al folio 223 del tomo 204 de Juana Díaz, (Sección I de Ponce).

DESCRIPCION :

RUSTICA: Predio para uso agrícola denominado Manuelita Tres, radicado en el Barrio Cintrona, del término municipal de Juana Díaz, Puerto Rico, con una extensión superficial de 5.1545 cuerdas, equivalentes a 2 hectáreas, 2 áreas, 59 centiáreas y 24 miliáreas. En lindes por el NORTE, con predio denominado Manuelita Dos; por el SUR, con predios de Sucesión Colón y con propiedad de la Autoridad de las Fuentes Fluviales de Puerto Rico, por el ESTE, con predio denominado Manuelita Cuatro y por el OESTE, con propiedad de la Sucesión Colón la carretera #149.

ORIGEN: Se segrega de la finca #7213, inscrita al folio 123 del tomo 202 de Juana Díaz.

PROPIETARIO REGISTRAL: HERMANOS TORRES PEREZ INC., quien adquiere por permuta efectuada con los esposos Víctor Torres Oliveras e Hilda Pérez Souchet, a cambio de acciones valoradas en $140,000.00. Según escritura # 2, otorgada en Juana Díaz, el 12 de enero de 2004, ante José Rafael Ramírez Ramos, inscrita al folio 65 del tomo 528 de Juana Díaz, inscripción 10ma.

CARGAS Y GRAVAMENES

Por su Procedencia:

Servidumbre(s) a favor del Pueblo de Puerto Rico.

Por sí:

1- HIPOTECA: Por $100,000.00, con intereses al 10% anual, en garantía de un pagaré a favor de Banco Popular de Puerto Rico, que vence a la presentación. Según escritura #37, otorgada en Ponce el 20 de junio de 1990, ante Rolando Emmanuelli Sepúlveda, inscrita al folio 154 del tomo 290 de Juana Díaz, inscripción 6ta.

2- HIPOTECA: Por $25,000.00, con intereses al 15% anual, en garantía de un pagaré a favor de Banco Popular de Puerto Rico, no expresa fecha de vencimiento. Según escritura #92, otorgada en Ponce el 9 de julio de 1990, ante Olga Soler Bonnin, inscrita al folio 154 vto. del tomo 290 de Juana Díaz, inscripción 7ma.

4- HIPOTECA: Por $15,000.00, con intereses al 2% anual, sobre el prime rate, en garantía de un pagaré a favor de Westernbank Puerto Rico, que vence a la presentación. Según escritura #319, otorgada (no se expresa lugar de otorgamiento) el 26 de agosto de 2003, ante Lourdes Alicea Soto, inscrita al folio 83 del tomo 489 de Juana Díaz, inscripción 8va.

5- HIPOTECA: Por $432,000.00, sobre ésta y otra finca, respondiendo ésta de $15,120.00 con intereses al tipo preferencial en garantía de un pagaré a favor de Banco Popular de Puerto Rico, que vence el 30 de agosto de 2032. Según escritura #199, otorgada en Manatí el 30 de agosto de 2007 ante José Luis Báez Rivera, aclarada por la escritura #48 otorgada el 3 de diciembre de 2007 ante Luis Fernando Piñeiro Enríquez, inscritas al folio 83 del tomo 489 de Juana Díaz, inscripción 9na.

6- EMBARGO POR CONTRIBUCIONES: Por $ 1,446,148.53 a favor del Estado Libre Asociado de Puerto Rico por concepto de contribución sobre ingreso anotado al folio 83vto del tomo 489 de Juana Díaz, anotación A con fecha del 16 de abril de 2008. También anotado al folio 84 del tomo 15 de Embargos por Contribuciones con fecha 17 de abril de 2008.

7- HIPOTECA: Por $15,120.00, con intereses al 12% anual, en garantía de un pagaré a favor de Banco Popular de Puerto Rico, que vence a la presentación. Según escritura #10, otorgada en San

Página #2
Finca #7376 de Juana Diaz

Juan el 11 de junio de 2009, ante Manuel E. Del Valle Rexach, inscrita al folio 65 del tomo 528 de Juana Díaz, inscripción 11ma y última.

REVISADOS: Embargos por Contribuciones, Embargos Federales, Sentencias y Bitácora Electrónica.

En esta Sección se ha establecido un sistema computadorizado de operaciones. Esta Corporación no se hace responsable por errores u omisiones en la entrada de datos en el sistema de computadora.

San Juan Puerto Rico, a 8 de marzo de 2010.

**JGI TITLE SERVICE, INC.**
JGITS/jcr
**#49110**
Cotejado por :
7376_JUA_E09
F-mr

**EXHIBIT C**

ESTUDIO DE TITULO

CASO: HERMANOS TORRES PEREZ, INC.
RE: N/E: 647.00008 /Miguel López Miner/ Ledesma, Vargas & Villarrubia

FINCA: #7375, inscrita al folio 228 del tomo 204 de Juana Díaz (Sección I de Ponce).

DESCRIPCION :

RUSTICA: Predio para uso agrícola denominado Manuelita Dos, radicado en el Barrio Cintrona, del término municipal de Juana Díaz, Puerto Rico, con una extensión superficial de 5.2410 cuerdas, equivalentes a 2 hectáreas, 5 áreas, 99 centiáreas y 23 miliáreas. En lindes por el NORTE, con predio denominado Manuelita Uno; por el SUR, con predios denominados Manuelita Tres, Manuelita Cuatro, Manuelita Cinco y con el predio remanente; por el ESTE, con propiedad de la Autoridad de Tierras de Puerto Rico; y por el OESTE, con la carretera estatal #189.

ORIGEN: Se segrega de la finca #7213, inscrita al folio 123 del tomo 202 de Juana Díaz.

PROPIETARIO REGISTRAL: HERMANOS TORRES PEREZ INC., quien adquiere por permuta efectuada con los esposos Víctor Torres Oliveras e Hilda Pérez, con un valor de $50,000.00. Según escritura # 2, otorgada en Juana Díaz, el 12 de enero de 2004, ante José Rafael Ramírez Ramos, inscrita al folio 89 del tomo 521 de Juana Díaz, inscripción 10ma.

CARGAS Y GRAVAMENES

Por su Procedencia: Servidumbre(s) a favor del Pueblo de Puerto Rico.

Por sí: 1- HIPOTECA: Por $142,000.00, con intereses al 2% anual sobre el prime rate, en garantía de un pagaré a favor de Westernbank Puerto Rico, que vence el 26 de agosto de 2033. Según escritura #318, otorgada (no expresa lugar de otorgamiento) el 26 de agosto de 2003, ante Lourdes Alicea Soto, inscrita al folio 81 del tomo 489 de Juana Díaz, inscripción 7ma.

2- HIPOTECA : Por $432,000.00, sobre ésta y otras fincas, respondiendo ésta de $15,120.00 en garantía de un pagaré a favor de Banco Popular de Puerto Rico que vence el 30 de agosto de 2032. Según escritura #199, otorgada en Manatí el 30 de agosto de 2007, ante José Luis Báez Rivera, aclarado en la escritura #48 otorgada (no expresa lugar de otorgamiento) el 3 de diciembre de 2007 ante Luis Fernando Piñeiro Enríquez, inscrita al folio 81 del tomo 489 de Juana Díaz, inscripción 8va.

3- EMBARGO POR CONTRIBUCIONES: Por $ 1,446,148.53 a favor del Estado Libre Asociado de Puerto Rico por concepto de contribución sobre ingreso anotado al folio 81vto. del tomo 489 de Juana Díaz, con fecha de 16 de abril de 2008. También anotado al folio 84 del tomo 15 de Embargos por Contribuciones con fecha 17 de abril de 2008.

4- HIPOTECA: Por $15,120.00, con intereses al 12% anual, en garantía de un pagaré a favor de Banco Popular de Puerto Rico, que vence a la presentación. Según escritura #9, otorgada en San Juan el 11 de junio de 2009, ante Manuel E. Del Valle Rexach, inscrita al folio 89 del tomo 521 de Juana Díaz, inscripción 11ma y última.

REVISADOS: Embargos por Contribuciones, Embargos Federales, Sentencias y Bitácora Electrónica.

En esta Sección se ha establecido un sistema computadorizado de operaciones. Esta Corporación no se hace responsable por errores u omisiones en la entrada de datos en el sistema de computadora.

San Juan Puerto Rico, a 8 de marzo de 2010.

**JGI TITLE SERVICE, INC.**
JGITS/jcr
**#49110**
Cotejado por :
7375_JUA_E09          F-mr

ESTUDIO DE TITULO

CASO: HERMANOS TORRES PEREZ INC./ESTACION DE SERVICIO VICTORY
        PASTILLO

RE: N/E: 647.00008 /Miguel López Miner/Ledesma, Vargas & Villarrubia

FINCA: #5171, inscrita al folio 40 del tomo 146 de Juana Díaz, inscripción 1ra. (Sección I de Ponce).

DESCRIPCION :

RUSTICA: Parcela de terreno radicada en el Barrio Capitanejo del término municipal de Juana Díaz, Puerto Rico, con una cabida de 1.5450 cuerdas, equivalentes a 60 áreas, 72 centiáreas, 47 miliáreas, en lindes por el NORTE, con la finca principal llamada Potala, propiedad de Luis & Company S en C; por el SUR, con la carretera #1 que de Ponce conduce a Santa Isabel; por el ESTE, en parte con la finca principal de donde se segrega y en parte con parcela de la Autoridad de Fuentes Fluviales, donde hay una subestación y por el OESTE, con la carretera #159 que conduce a Juana Díaz.

ENCLAVA: Una estructura de concreto armado con techo del mismo material a ser dedicado a estación de servicio de gasolina.

ORIGEN: Se segrega de la finca # 331 inscrita al folio 10 vto del tomo 40 de Juana Díaz.

PROPIETARIO REGISTRAL: HERMANOS TORRES PEREZ INC., quien adquiere por permuta efectuada con los esposos Víctor Torres Oliveras e Hilda Pérez Souchet, a cambio de acciones valoradas en $949,000.00. Según escritura # 2, otorgada en Juana Díaz, el 12 de enero de 2004, ante José Rafael Ramírez Ramos, inscrita al folio 144vto. del tomo 433 de Juana Díaz, inscripción 18a.

CARGAS Y GRAVAMENES

Por su Procedencia:

Aviso de lis Pendes a favor del Pueblo de Puerto Rico, contra Luci & Company, S en C, Servidumbre a favor del Pueblo de Puerto Rico.

Por sí:

1- HIPOTECA : Por $230,000.00, con intereses al 10% anual, en garantía de un pagaré a favor de Banco Santander Puerto Rico que vence a la presentación. Según escritura #55, otorgada en Ponce el 4 de marzo de 1994, ante Manuel A. Frau Pietri, inscrita al folio 49 del tomo 146 de Juana Díaz, inscripción 8va.

MODIFICACION DE HIPOTECA: Modificada la anterior hipoteca en cuanto a los intereses que serán al 2% sobre la tasa de interés preferencial, según establecido por el Citibank, en Nueva York. Según la escritura #122, otorgada en Ponce el 16 de junio de 1999, ante Lourdes Alicea Soto, inscrita al folio 141 del tomo 433 de Juan Díaz, inscripción 9na.

2-HIPOTECA : Por $470,000.00, con intereses al 2% sobre la tasa de interés preferencial, en garantía de un pagaré a favor de Westernbank Puerto Rico que vence a la presentación. Según escritura #123, otorgada en Ponce el 16 de junio de 1999, ante Lourdes Alicia Soto, inscrita al folio 141 del tomo 433 de Juana Díaz, inscripción 10ma.

3- HIPOTECA : Por $77,000.00, con intereses al 2% sobre la tasa de interés preferencial, en garantía de un pagaré a favor de Westernbank Puerto Rico, que vence a la presentación. Según escritura #110, otorgada en Ponce el 26 de junio de 2000, ante Lourdes Alicia Soto, inscrita al folio 142 vto del tomo 433 de Juana Díaz, inscripción 13ra.

4- HIPOTECA: Por $289,000.00, con intereses al 2%, sobre puntos porcentuales sobre la tasa de intereses preferencial "prime rate", en garantía de un pagaré a favor de Westernbank Puerto Rico, que vence a la presentación. Según escritura #368, otorgada (no expresa lugar de otorgamiento) el 17 de octubre de 2003, ante Lourdes Alicea Soto, inscrita al folio 142 vto del tomo 433 de Juana Díaz, inscripción 14a.

Página #2
Finca #5171 de Juana Díaz.


5- HIPOTECA: Por $200,000.00, con intereses al 5% anual, en garantía de un pagaré a favor del <u>Tenedor por Endoso</u>, que vence a la presentación. Según escritura #13, otorgada en Ponce el 12 de abril de 2005, ante Germán R. Ufret Pérez, inscrita al folio 143 del tomo 433 de Juana Díaz, inscripción 15a.

6- HIPOTECA: Por $432,000.00, sobre ésta y otras fincas, respondiendo ésta de $138,240.00 con intereses al tipo preferencial, en garantía de un pagaré a favor del Banco Popular de Puerto Rico, que vence el 30 de agosto de 2032. Según escritura #199, otorgada en Manatí el 30 de agosto de 2007, ante José Luis Báez Rivera, inscrita al folio 143 vto. del tomo 433 de Juana Díaz, inscripción 16a.

7- HIPOTECA: Por $150,000.00, sobre ésta y otra finca, respondiendo ésta de $75,000.00, con intereses al tipo preferencial, en garantía de un pagaré a favor del Banco Popular de Puerto Rico, que vence el 30 de agosto de 2032. Según escritura #200, otorgada en Manatí el 30 de agosto de 2007, ante José Luis Báez Rivera, aclarada por la escritura #47 (no se expresa lugar de otorgamiento) el 3 de diciembre de 2007 ante Luis Fernando Piñeiro Enriquez, inscrita al folio 144 del tomo 433 de Juana Díaz, inscripción 17a.

8- HIPOTECA: Por $423,240.00, con intereses al 12% anual, en garantía de un pagaré a favor Banco Popular de Puerto Rico, que vence a la presentación. Según escritura #8, otorgada en San Juan el 11 de junio de 2009, ante Manuel E. Del Valle Rexach, inscrita al folio 145 del tomo 433 de Juana Díaz, inscripción 19 y última.

REVISADOS: Embargos por Contribuciones, Embargos Federales, Sentencias y Bitácora Electrónica.

En esta Sección se ha establecido un sistema computadorizado de operaciones. Esta Corporación no se hace responsable por errores u omisiones en la entrada de datos en el sistema de computadora.

San Juan Puerto Rico, a 8 de marzo de 2010.

**JGI TITLE SERVICE, INC.**
JGITS/jcr
**#49110**
Cotejado por :
5171_JUA_E02
F-mr

ESTUDIO DE TITULO

CASO: HERMANOS TORRES PEREZ, INC.

RE: N/E 647.00008/Miguel López/Ledesma Vargas & Villarrubia

FINCA: #23345, inscrita al folio 110 del tomo 385 de Hatillo (Sección II de Arecibo).

DESCRIPCION:

RUSTICA: Solar #8, radicada en el Barrio Campo Alegre del término municipal de Hatillo, Puerto Rico, con una cabida superficial de 0.5089 cuerdas, equivalentes a 2,000.00 metros cuadrados. En lindes por el NORTE, solar 7; por el SUR, predio B de uso público; por el ESTE, predio A de uso público que separa carretera PR 129; y por el OESTE, remanente.

ORIGEN: Se segrega de la finca #4069, inscrita al folio 90 del tomo 156 de Hatillo.

PROPIETARIO REGISTRAL: HERMANOS TORRES PEREZ, INC., quien adquiere por compra a los esposos Noel Cuevas Gonzalez y Aida Enid Bermúdez Román, por el precio de $600,000.00. Según escritura #77, otorgada en Lares, el 15 de agosto de 2005, ante José Luis Báez Rivera, inscrita al folio 111 del tomo 385 de Hatillo, inscripción 8va.

CARGAS Y GRAVAMENES

Por su Procedencia:

LIBRE.

Por si:

1-HIPOTECA: Por $150,000.00, con intereses al 6.90% anual, en garantía de un pagaré a favor del Portador, que vence a la presentación. Según escritura #179, otorgada en Lares, el 15 de agosto de 2005, ante José Luis Báez Rivera, inscrita al folio 111 del tomo 385 de Hatillo, inscripción 9na.

2-HIPOTECA: Por $1,700,000.00, con intereses al tipo preferencial, en garantía de un pagaré a favor del Banco Popular de Puerto Rico, o a su orden, que vence a la presentación. Según escritura #178, otorgada en Lares, el 15 de agosto de 2005, ante José Luis Báez Rivera, inscrita al folio 111 Ivto del tomo 385 de Hatillo, inscripción 10a.

3-HIPOTECA: Por $200,000.00, con intereses al tipo preferencial, en garantía de un pagaré a favor del Banco Popular de Puerto Rico, o a su orden, que vence a la presentación. Según escritura #136, otorgada en Hatillo, el 16 de mayo de 2007, ante José Luis Báez Rivera, inscrita al folio 111 Ivto del tomo 385 de Hatillo, inscripción 11a.

BITACORA:

ASIENTO 1397 DIARIO 312, de fecha 24 de junio de 2009: Presentada y Pendiente de Despacho: Escritura #6, otorgada en San Juan, el 11 de junio de 2009, ante Manuel E. Del Valle Rexach, mediante la cual Hermanos Torres Pérez, Inc., constituye hipoteca sobre esta finca por la suma de $690,000.00, con intereses 12% anual, en garantía de un pagaré del Banco Popular de Puerto Rico, o a su orden, que vence a la presentación.

OBSERVACION : Lo anterior no comprende una calificación de este(os) documento(s) ni presupone que el mismo(los mismos) será(n) inscrito(s).

REVISADOS: Embargos por Contribuciones, Embargos Federales, Sentencias y Bitácora Electrónica. En esta Sección se ha establecido un sistema computadorizado de operaciones. Esta Corporación no se hace responsable por errores u omisiones en la entrada de datos en el sistema de computadora.

San Juan, Puerto Rico, a 9 de marzo de 2010.

JGI TITLE SERVICE, INC.

JGITS/jcr                 Cotejado por :         23345_HAT_E09        F-mr

ESTUDIO DE TITULO

CASO : HERMANOS TORRES INC.
RE : N/E: 647.00008/Miguel López Miner/Ledesma, Vargas & Villarrubia

FINCA: #32102, inscrita al tomo 973 del sistema de folio móvil de Sabana Llana (Sección V de San Juan).

DESCRIPCION :

URBANA: Solar con una cabida de 3,451.34 metros cuadrados, ubicado en la Urbanización Industrial de Río Piedras, Sabana Llana, Puerto Rico. En lindes por el NORTE, en distancia de 77.00 metros, con el solar #7 de la Urbanización Industrial; por el SUR, en 3 alineaciones de 57.92 metros, 1.38 metros y 18.36 metros que suman una distancia de 77.66 metros, con el solar propiedad de Office Furniture Warehouse Inc., hoy OFW Investment Inc., por el ESTE, en distancia de 45.71 metros, con la Avenida Industrial de la Urbanización Industrial Río Piedras y por el OESTE, en distancia de 44.54 metros, con terrenos de Edelmiro Martínez Rivera.

ORIGEN: Se forma por agrupación de las fincas:

1- 32100 inscrita al tomo hoja móvil de Sabana Llana
2- 8669 inscrita al tomo hoja móvil de Sabana Llana

PROPIETARIO REGISTRAL: Los esposos VICTOR TORRES OLIVERAS e HILDA PEREZ SOUCHET, quienes adquieren por agrupación para si, por el precio de $600,000.00. Según escritura # 19, otorgada en San Juan, el 15 de julio de 1993, ante Rafael F. Ojeda Colón, inscrita al tomo 973 del sistema de folio móvil de Sabana Llana, inscripción 1ra.

CARGAS Y GRAVAMENES

Por su Procedencia:

HIPOTECA: Por $600,000.00, con intereses al 1.50% anual, en garantía de un pagaré a favor de Banco Popular de Puerto Rico que vence a la presentación. Según escritura #56, otorgada en San Juan el 12 de abril de 1993, ante José Oswaldo Coll Díaz, inscrita al tomo 973 del sistema de folio móvil de Sabana Llana, inscripción 1ra, finca #8669.

Por sí:

1- MODIFICACION DE HIPOTECA: Modificada la hipoteca por $600,000.00 que grava esta finca por su procedencia, en cuanto al interés que será a razón de añadir dos punto al prime rate. Según la escritura #121, otorgada en Ponce el 16 de junio de 1999, ante Lourdes Alicea Soto, inscrita al tomo 973 del sistema de folio móvil de Sabana Llana, inscripción 2da.

2-HIPOTECA: Por $77,000.00, con intereses al 2%, sobre la tasa de intereses preferencial (prime rate) variable y ajustado por el banco mensualmente, en garantía de un pagaré a favor de Westernbank Puerto Rico, que vence a la presentación. Según escritura #111, otorgada en Ponce el 26 de junio de 2000, ante Lourdes Alicea Soto, inscrita al tomo 973 del sistema de folio móvil de Sabana Llana, inscripción 3ra. y última.

**BITÁCORA:**

**ASIENTO 83 DIARIO 823, de fecha 8 de diciembre de 2003: Presentada y Pendiente de Despacho:** Escritura #317 otorgada en Ponce el 26 de agosto de 2003 ante Lourdes Alicea Soto, mediante la cual los esposos Torres-Pérez constituyen hipoteca en garantía de un pagaré a favor de Westernbank Puerto Rico, o a su orden, por la suma de $25,000.00 con intereses al prime rate y vencimiento a la presentación.

**ASIENTO 48 DIARIO 831, de fecha 21 de enero de 2004: Presentada y Pendiente de Despacho:** Escritura #377 otorgada en Ponce, el 17 de octubre de 2003 ante Lourdes Alicea Soto, mediante la cual los esposos Torres-Pérez constituyen hipoteca en garantía de un pagaré a favor de Westernbank Puerto Rico, o a su orden, por la suma de $425,000.00, con intereses al 2% sobre la tasa de interés preferencial y vencimiento a la presentación.

Página: #2
Finca #32102 de Sabana Llana.

**ASIENTO 610 DIARIO 875, de fecha 21 de septiembre de 2006: Presentada y Pendiente de Despacho:** Escritura #404 otorgada en Ponce el 23 de agosto de 2006 ante Esther Rebeca Luzón, mediante la cual los esposos Torres-Pérez constituyen hipoteca en garantía de un pagaré a favor de Westernbank Puerto Rico, o a su orden, por la suma de $628,000.00, con intereses al 1.75% anual, sobre prime rate y vencimiento a la presentación.

**ASIENTO 26 DIARIO 881, de fecha 9 de octubre de 2007: Presentada y Pendiente de Despacho:** Escritura #199 otorgada en Manatí el 30 de agosto de 2007 ante José Luis Báez Rivera, mediante la cual comparecen los esposos Víctor Torres Oliveras e Hilda Adela Pérez Souchett también conocida como Hilda Pérez Souchet y constituyen hipoteca sobre ésta y otras fincas por la suma de $432,000.00 respondiendo esta finca por la suma de $194,400.00, con intereses desde esta fecha y hasta su total pago y solvento a la tasa de intereses primaria para prestamos comerciales según publicada en periódicos de circulación general como The Wall Street Journal (tasa primaria) los cambios en la tasa de intereses serán efectivos a partir de la fecha de efectividad de cualquier cambio en la tasa primaria sujeto a la reglamentación aplicable en garantía de un pagaré a favor de Banco Popular de Puerto Rico, o a su orden, que vence en agosto de 2032 (no se expresa el día).

**ASIENTO 1093 DIARIO 888, de fecha 10 de junio de 2009: Presentada y Pendiente de Despacho:** Escritura #2 otorgada en Juana Díaz el 12 de enero de 2004 ante José Rafael Ramírez Ramos, mediante la cual los esposos Víctor Torres Oliveras e Hilda Pérez Souchet, permutan ésta y otras fincas a favor de Hermanos Torres Pérez Inc., valorándose esta propiedad en $50,000.00.

**ASIENTO 1310 DIARIO 888, de fecha 19 de junio de 2009: Presentada y Pendiente de Despacho:** Escritura #199 otorgada en Manatí el 30 de agosto de 2007 ante José Luis Báez Rivera, mediante la cual los Hermanos Torres Pérez Inc., constituyen hipoteca sobre esta finca por la suma de $822,400.00 con intereses sobre el balance insoluto de principal desde la fecha de este pagaré hasta su total pago, a razón de un 12% anual, en garantía de un pagaré a favor del Banco Popular de Puerto Rico, o a su orden, que vence a la presentación.

OBSERVACION : Lo anterior no comprende una calificación de este(os) documento(s) ni presupone que el mismo(los mismos) será(n) inscrito(s).

REVISADOS: Embargos por Contribuciones, Embargos Federales, Sentencias y Bitácora Electrónica.

En esta Sección se ha establecido un sistema computadorizado de operaciones. Esta Corporación no se hace responsable por errores u omisiones en la entrada de datos en el sistema de computadora.

San Juan Puerto Rico, a 9 de marzo de 2010.

**JGI TITLE SERVICE, INC.**
JGITS/jcr
**#49110**
Cotejado por :
32102_SLL_E09
F-mr

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE PONCE

PEERLESS OIL & CHEMICALS, INC.

Demandante

v.

HERMANOS TORRES PEREZ, INC Y OTROS

Demandados

CIVIL NUM.: J CD2008-1113
(604)

SOBRE:

COBRO ...

## ORDEN DE PROHIBICION DE ENAJENAR Y O... EXTREMOS...

Vista y evaluada la solicitud de aseguramiento de sentencia presentada por la demandante

Peerless Oil & Chemicals, Inc.("Peerless"), considerados los intereses de las partes y ante la

estipulación de éstas durante la vista celebrada el 15 de enero de 2009, así como en su moción

conjunta del 22 de enero de 2009, el tribunal dicta resolución de conformidad con la Regla 56 de

las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 56, ordenándose lo siguiente:

1) Se ordena la prohibición de enajenar, gravar, dar en fideicomiso o garantía, total o

parcialmente, o disponer de forma alguna, de las siguientes propiedades de los demandados:

A) Propiedades inmuebles que se describen a continuación:

1) Estación de servicio localizada en la Avenida Simón Madera #7, Zona Industrial Villa Prades, Sabana Llana, Río Piedras, Puerto Rico. Consta de un solar urbano de Tres Mil Cuatrocientos Cincuenta y Un Punto Treinta y Cuatro (3,451.34) metros cuadrados. Dicha propiedad consta inscrita al Tomo de Hoja Móvil del Sector Ochenta y Tres del Sistema Computarizado de Sabana Llana, Sección Quinta del Registro de la Propiedad de San Juan, finca número Treinta y Dos Mil Ciento Dos (32,102).

2) Predio en que ubica la operación y oficinas de la codemandada Hermanos Torres Pérez, Inc., sito en el barrio Citrona del Municipio de Juana Díaz, Puerto Rico, con una cabida superficial de Cinco Punto Quince Cuarenta y Cinco (5.1545) cuerdas. Inscrita al Folio Doscientos Treinta y Tres (233) del Tomo Doscientos Cuatro (204) de Juana Díaz, Primera Sección del Registro de la Propiedad de Ponce. Finca número Siete Mil Trescientos Setenta y Seis (7,376).

3) Solar adyacente al predio en que ubican la operación y oficina de Hermanos Torres Pérez, Inc., descrito en el párrafo que antecede, con una extensión superficial de Cinco Punto Veinticuatro Uno Cero (5.2410) cuerdas, en el barrio Citrona del Municipio de Juana

Díaz, Puerto Rico. Inscrita al Folio Doscientos Veintiocho (228) del Tomo Doscientos Cuatro (204) de Juana Díaz, Primera Sección del Registro de la Propiedad de Ponce. Finca número Siete Mil Trescientos Setenta y Cinco (7,375).

4) Estación de servicio Victory Pastillo, ubicada en una parcela del barrio Capitanejo del Municipio de Juana Díaz, Puerto Rico con cabida de Uno Punto Cinco Cuatro Cinco Cero (1.5450) cuerda. Inscrita al Folio Cuarenta (40) del Tomo Ciento Cuarenta y Seis (146) de Juana Díaz, Primera Sección del Registro de la Propiedad de Ponce. Finca número Cinco Mil Ciento Setenta y Uno (5.171).

5) Finca número Dos Mil Ochocientos Noventa (2,890) inscrita al Tomo 157, Folio 26, Primera Sección del Registro de la Propiedad de Ponce, Puerto Rico. Radica en el Barrio Capitanejo, lugar de Arús, término municipal de Juana Díaz, Puerto Rico, con cabida de Diez (10) cuerdas.

6) Mayaguez Victory Super Station, Inc., radica en una parcela del Barrio Algarrobo del Municipio de Mayaguez, Puerto Rico, con cabida superficial de Tres Mil Noventa y Cinco Metros Cuatrocientos Siete Milímetros (3,095.407) Cuadrados. Inscrita al Folio 157 del Tomo 122 del Registro de la Propiedad de Mayaguez.

7) Expreso 129, Inc., radicada en el Barrio Campo Alegre del Municipio de Hatillo, Puerto Rico, con una cabida Cero Punto Cinco Mil Ochenta y Nueve (0.5089) cuerdas. Inscrita al folio ciento diez (110) del tomo trescientos ochenta y cinco (385) de Hatillo, finca veintitrés mil trescientos cuarenta y cinco (23,345), de Hatillo, Registro de la Propiedad, Sección Segunda de Arecibo.

8) Lluberas Service Station Corp., sita en la Carretera 376, Km. 0.9, Barrio Lluberas, Yauco, Puerto Rico.

9) Victory Midway, Inc., Carretera #2, Km. 177.7 Barrio Guamá. San Germán, Puerto Rico.

10) Victory Post, Inc., Calle Dr. Emeterio Betances #200, Mayaguez, Puerto Rico.

11) Victory Cuannette Corp., Calle Trocha #1, Yauco, Puerto Rico.

12) Victory Maga, Inc., Carretera #127, Intersección 383, Guayanilla, Puerto Rico.

B) Dentro del término de 10 días, contados a partir de la fecha de esta Orden, losa demandados deberán proveer a la demandante la información registral de la inscripción hecha de cada una de las propiedades que se enumeran en el párrafo que antecede, de manera que se pueda expedir el correspondiente Mandamiento para la anotación registral de la prohibición aqui ordenada.

2

C) Camiones, tanques, arrastres y vehículos.

1. International Truck 1998, VN 1HTSDAN7WH5700331

2. International //9200 06, VN 2HSCEAPR66C199797

3. Kenworth Motor 1993, VN 1NKDLE8XOPS591905

4. Kenworth Motor T800 2005, VN 3BKOLB0X35F105744

5. Kenworth Motor TT 2001, VN 1NKOL60XX1R868252

6. Kenworth C500 1989, VN 2NK120XXKN5211916

7. Kenworth Motor Off-H 1999, VN 1NK0L60X9XR826471

8. Kenworth Motor Off-H 1998, VN 1NK0LROX9WR789888

9. Kenworth Motor Truck 2001, VN 2WPDOJHX1K967392

10. Kenworth T300 2005, VN 2NK0HDBX45M103027

11. Kenworth T800 2007, VN 3BKDL40XX7F193402

12. Kenworth T800 1999, VN 1NK0L60XXR816873

13. Fruehauf 1975, VN UNS517402

14. Heil 1982, VN 1HLA3A6B3C7G51814

15. Fruehauf 1973, VN 6NK470701

16. Strick Trailers Corp 1978, VN 224673

17. Bills Welding 1970, VN S211970

18. Dodge Ram 2500 06

19. Ford 150 2003

20. Ford 150 2005

21. Ford 250 2004

22. Ford 250 2006

23. Ford 250 2006

24. Ford 550 1999

25. General Motor Med Duty 1992

26. International Truck 1999

27. Kenworth T600 1996

28. Kenworth W900 2003

29. Mack Truck CH 1995

30. Mack Truck DM 1989



31. Western Star 4900 2001

32. Fruehauf 1985

33. Kenworth W900 2000

34. Fruehauf 1986

35. Heil 1981

36. Heil 2005

37. Trailex 1978

38. Trailex 1978

39. Fruehauf 1975

40. Custom Trailers 1970



D) Dentro del término de 10 días, contados a partir de la fecha de esta Orden, los demandados deberán proveer a la demandante la información completa que identifique los camiones, arrastre y/o vehículos que se enumeran en el párrafo anterior de manera que se pueda expedir el correspondiente Mandamiento para la anotación de la prohibición aquí ordenada en el Departamento de Transportación y Obras Públicas y demás registros de vehículos.

2) Conforme a la estipulación de los demandados, la parte demandante no vendrá obligada a prestar una fianza a tenor con la Regla 56.3 de las Reglas de Procedimiento Civil.

Se le ordena al Secretario del Tribunal que una vez presentada la información requerida para la debida identificación de los bienes sujetos a esta Orden, expida los correspondientes Mandamientos dirigidos a los funcionarios pertinentes para la debida anotación de esta Orden.

DADA en Ponce, Puerto Rico, el 9 de feb de 2009.

REGISTRESE Y NOTIFIQUESE.

LAURACELIS M. ROQUES ARROYO
JUEZ SUPERIOR