UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

HERMANOS TORRES PEREZ, INC.

Debtor

CASE NO. 09-05585 (BKT)

CHAPTER 11

## OPPOSITION TO URGENT MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT:

Comes now Peerless Oil & Chemicals, Inc., ("Peerless"), a creditor and party in interest in the captioned case, through its undersigned counsel and very respectfully states and prays:

1. On June 2, 2010, this Court entered an Order and Opinion granting Peerless' motion for leave to file a competing plan in the captioned case insofar as Debtor's exclusivity period has already expired.

2. On June 3, 2010, Debtor filed an urgent motion requesting the reconsideration of said order.

3. Debtor's request for reconsideration must be denied for the following reasons.

4. First, Debtor's motion should be construed as a motion to alter or amend order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure made applicable to the matter at bar by Rule 9023 of the Federal Rules of Bankruptcy Procedure.

5. To succeed in a Rule 59(e) motion, movant has to establish a manifest error of law or fact or must present newly discovered evidence. *Landrau-Romero v. Banco Popular de Puerto Rico*, 212 F.3d 607, 612 (1st Cir. 2000).

6. Debtor has not submitted any newly discovered evidence in its motion for reconsideration, so the only possible basis to overturn this Court's Order must be a manifest error of law. The first argument presented by Debtor in its motion for reconsideration is not a new argument, in fact Debtor is rehashing the same legally groundless argument that it had presented in its opposition to Peerless' motion, i.e. that the order granting Debtor an extension to file its disclosure statement and plan should be read otherwise.

7. As this Court clearly explained in its Opinion, the law of case in the captioned case is the express language of the order issued by Honorable Judge Tester, whereby only the period to file a plan was extended. Again, we must underscore the fact that the order issued by Judge Tester clearly extended only the period to file a plan, regardless of the remedies requested by Debtor in its motion. The order was clear and the language contained therein was specific and was not a mere "granted".

8. Debtor is now trying to distinguish the caselaw cited by this Court and use certain caselaw from other Circuits in a desperate attempt to persuade this Court. However, said cases are not binding and certainly do not constitute a manifest error of law required to overturn this Court's ruling. This Court's reasoning was not only based in the applicable caselaw, but it went to the intent and history of Section 1121 of the Bankruptcy Code. Said reasoning has not been and cannot be refuted by Debtor. As such, this Court has not committed a manifest error of law.

9. Furthermore, and as explained in Peerless' prior motions, the following facts are undisputed:

    a. On January 11, 2010, Debtor filed its Disclosure Statement and Plan of Reorganization.

b. On the hearing held on January 28, 2010 for the approval of Debtor's first Disclosure Statement, the same was not approved and Debtor was granted a period of thirty (30) days to file an amended disclosure statement.

c. No extension of the exclusivity period was requested by Debtor during the January 28, 2010 hearing and as such, this Court's order extending Debtor's exclusivity period to file a plan until January 10, 2010 was never amended.

d. Pursuant to Section 1121(d)(1), a further extension of Debtor's exclusivity period to file a plan required notice, a hearing, and a showing of cause. See *In re RCN Anlagenivestitionen Frodsgesellschaft II-Kommanditgesellschaft*, 118 B.R. 460, 462 (W.D. Mich. 1990). No notice, no hearing, and no showing of cause were presented by Debtor in order to further extend the exclusivity period to file a plan beyond the January 10, 2010 deadline.

e. Even assuming, *in arguendo,* that Debtor's extension of the exclusivity period to file its plan was tacitly and contrary to Section 1121(d)(1) further extended by this Court during the January 28, 2010 hearing by granting Debtor thirty (30) days to amend its disclosure statement, **said thirty (30) day period expired on March 1, 2010** without Debtor filing its amended Disclosure Statement insofar as Debtor filed its amended Disclosure Statement on March 2, 2010.

**WHEREFORE,** the appearing party prays that the Court enters an order denying Debtor's urgent motion for reconsideration.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/ECF.

San Juan, Puerto Rico this 14th day of June, 2010.

                                 s/ ALEXIS FUENTES-HERNANDEZ
                                 Alexis Fuentes-Hernández
                                 USDC-PR 217201
                                 Fuentes Law Offices
                                 P.O. Box 9022726
                                 San Juan, PR  00902-2726
                                 Tels. (787) 722-5216
                                 Fax.  (787) 722-5206
                                 E-Mail: alex@fuentes-law.com